Lucille BYRD and James D. Byrd,
Appellants,

v.

SOUTHERN RAILWAY COMPANY,
Appellee.

No. 3462.

District of Columbia Court of Appeals.

Argued April 20, 1964.

Decided Aug. 7, 1964.

Henry H. Brylawski, Washington, D. C., for appellants.

Stephen A. Trimble, Washington, D. C., with whom Thomas A. Flannery and Hamilton & Hamilton, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Mrs. Byrd, hereafter called appellant, a resident of near-by Maryland, purchased a round-trip ticket between Washington, D. C., and Chattanooga, Tennessee, from the Southern Railway Company at its District of Columbia ticket office. On the return trip, somewhere between Bristol and Roanoke, Virginia, appellant was injured when the train lurched and threw her to the floor. The train while traveling between Bristol and Roanoke was operated over the tracks of the Norfolk and Western Railway Company and was operated and controlled by employees of Norfolk and Western.

Appellant and her husband brought an action in the Court of General Sessions in the District of Columbia against both Southern and Norfolk and Western. Norfolk and Western moved to quash service on it on the ground that it was not amenable

to service in the District of Columbia. The trial court granted the motion and an appeal was brought to this court. Pending that appeal the appellant dismissed without prejudice the action against Southern. We affirmed the action of the trial court with respect to Norfolk and Western.[1] Thereafter the present action was brought by appellant against Southern as sole defendant.

Southern moved to dismiss the action on the ground of forum non conveniens. Although numerous points were advanced in support of the motion the main one appears to be that Southern's witnesses are employees of Norfolk and Western, are residents of Roanoke, and are beyond the subpoena power of the District of Columbia Court, and that there would be little inconvenience to appellant in having "to file the action in Virginia, just across the Potomac River."[2]

■ This court has on many occasions dealt with the problem of forum non conveniens.[3] In Walsh v. Crescent Hill Co., D.C.Mun.App., 134 A.2d 653, 656 (1957), we ruled that when the doctrine is sought to be invoked, the trial judges should proceed cautiously and "make sure that the balance is strongly in favor of a defendant before putting a plaintiff out of our courts and sending him elsewhere." In so ruling we

were following the landmark case of Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), where it was said: "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

■■ It may be observed that the federal district courts have a broader power to transfer cases under 28 U.S.C.A. § 1404(a) than is allowable under the narrower doctrine of forum non conveniens.[4] The Court of General Sessions of course has no such transfer power. If it applies the forum non conveniens doctrine, it can only dismiss the case, dismiss it "because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else."[5]

■ In our opinion this case is one where the appellant's choice of forum was not so inappropriate or inconvenient as to justify its dismissal. Appellant purchased her ticket from Southern in the District of Columbia, her trip began and ended in the District of Columbia, and it was only natural that she file her action in the District of Columbia. There is not even a suggestion that the forum was selected for the purpose of harassment.[6]

1. Byrd v. Norfolk and Western Railway Company, D.C.App., 194 A.2d 651 (1963).

2. This argument assumes that if plaintiff sued in Alexandria, Virginia, which is just across the river from Washington, the action would be tried there, although Roanoke is approximately 250 miles from Alexandria.

3. Wilburn v. Wilburn, D.C.App., 192 A.2d 797 (1963); Depenbrock v. Safeway Stores, Inc., D.C.Mun.App., 172 A.2d 561 (1961); Lewis v. Federal Services Discount Corp., D.C.Mun.App., 170 A.2d 235 (1961); Walsh v. Crescent Hill Co., D.C.Mun.App., 134 A.2d 653 (1957); Rice v. Salnier, D.C.Mun.App., 86 A.2d 175 (1952).

4. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). See also, North Branch Products, Inc. v. Fisher, 109 U.S.App.D.C. 182, 284 F.2d 611 (1960), cert. denied 365 U.S. 827, 81 S.Ct. 713, 5 L.Ed.2d 705.

5. All States Freight, Inc. v. Modarelli, 3 Cir., 196 F.2d 1010, 1011 (1952).

6. "It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843 (1947).

We have no doubt it would be more convenient for Southern to defend in Virginia, and perhaps there would be some inconvenience in defending anywhere except at Roanoke, Virginia; but this is an inconvenience any railroad must assume when it undertakes to transport passengers across the lines of several states. The inconvenience to Southern is not so great as to justify denying to appellant her choice of forum.

Reversed.