Klara DORATI, Appellant,

v.

Antal DORATI, Appellee.

No. 8324.

District of Columbia Court of Appeals.

Argued Nov. 21, 1974.

Decided July 7, 1975.

Rehearing and Rehearing en Banc
Denied Sept. 9, 1975.

N. David Povich, Washington, D. C., with whom Terry M. Rose, Washington, D. C., was on the brief, for appellant.

Sidney S. Sachs, Washington, D. C., with whom Hal Witt, Washington, D. C., was on the brief, for appellee.

Before REILLY, Chief Judge, and KERN and YEAGLEY, Associate Judges.

KERN, Associate Judge:

Appellant, a citizen of the United States and a resident of Rome, Italy, brought suit in the Superior Court against appellee, her former husband, who is also a citizen of the United States but is now a resident of Switzerland,[1] to enforce a support agreement executed between the parties in Los Angeles, California in 1969.[2] Upon motion

---

1. In her complaint appellant alleged that appellee was a resident and domiciliary of the District of Columbia. The trial court found to the contrary that appellant was a resident of Switzerland. That finding is not challenged on this appeal, and we see no reason to disturb it.

2. The contract recited that it was to constitute full settlement of the claims of the parties against one another in the event of a separation, whether by agreement, legal decree or divorce. The parties are now divorced.

of appellee the trial court dismissed the action on the ground of *forum non conveniens*.[3] From that action the instant appeal was taken.

The facts relevant to a determination of the issue of *forum non conveniens* were, with one major exception, fully analyzed by the trial court in its carefully considered opinion.[4] Appellee argued below, as he does in this court, that requiring him to defend this claim in the District of Columbia will place an unfair burden on him. He is neither a resident nor a domiciliary of the District; his sole contact with this jurisdiction derives from his position as Musical Director of the National Symphony Orchestra.[5] He is actually present in the District only for the minimum amount of time required by his contract with the National Symphony, usually fifteen weeks per year, and his time while he is present is fully occupied with rehearsals and performances, leaving him insufficient time properly to prepare for and engage in this litigation. Appellee states that his other professional responsibilities require him to leave the District immediately after the completion of his duties with the Symphony, and make it impossible for him to spend additional time here. Moreover, he asserts that the bulk of his assets are located in Switzerland.[6] For these reasons, and because he claims that the District of Columbia has no contacts with, and no interest in, the subject matter of this litigation, appellee contends that the place of his domicile, Switzerland, is a more appropriate forum, and he stands ready to accept service of process there.

 This court has stated many times that it is the function of the trial court to balance the factors relevant to a claim of *forum non conveniens,* and that its decision will be disturbed only for a clear abuse of discretion. *See Frost v. Peoples Drug Store, Inc.,* D.C.App., 327 A.2d 810, 813 (1974); *Walsh v. Crescent Hill Co.,* D.C. Mun.App:, 134 A.2d 653 (1957). It remains for this court, nonetheless, to review the criteria considered by the trial court in its ruling on the motion to dismiss. *Frost v. Peoples Drug Store, Inc., supra* at 813. In our view the trial court here erred in failing to give consideration to the fact that its action deprived an American citizen of a hearing by an American court. Further, in light of the unusual facts of this case we conclude the trial court abused its discretion in granting the motion to dismiss, and we accordingly reverse.

 The trial court correctly stated the general proposition that a defendant claiming the benefit of the doctrine of *forum non conveniens* bears the burden of establishing that the balance of equitable considerations is strongly in his favor, unless he does so, the plaintiff's choice of forum will not be disturbed. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Walsh v. Crescent Hill Co., supra* at 654. The factors to

---

3. *See* D.C.Code 1973, § 13–425. The dismissal was made conditional upon appellee's acceptance of process in Switzerland and his forebearance from asserting in any action brought against him there a defense equivalent to *forum non conveniens. See Wilburn v. Wilburn,* D.C.App., 192 A.2d 797, 800 (1963). We note that no condition was imposed, as might have been appropriate in this case, that appellee also waive any running of the statute of limitations subsequent to the filing of the instant claim. *See Vanity Fair Mills v. T. Eaton Co.,* 234 F.2d 633, 646 n. 18 (2d Cir.), *cert. denied,* 352 U.S. 871, 77 S.Ct. 144, 1 L.Ed.2d 120 (1956); *Domingo v. States Marine Lines,* 340 F.Supp. 811, 817 (S.D.N.Y.1972).

4. We will discuss later in this opinion the significance of the fact that the court's action would require the parties to litigate in the courts of a foreign country a claim governed by American law.

5. His salary for that position is at present deposited in a District of Columbia bank.

6. The bulk of appellee's assets consist of Swiss bank accounts. His home in Switzerland is held solely in the name of his second wife, although he contributed funds toward its purchase.

be considered in assessing a *forum non conveniens* claim are those "practical problems that make trial of a case easy, expeditious and inexpensive" or can make it the opposite; among them are the relative ease of access to proof, availability of compulsory process and the cost of obtaining the attendance of witnesses, the enforceability of a judgment if one is obtained, evidence of an attempt by the plaintiff to vex or harass the defendant by his choice of forum, and other obstacles to a fair trial. *Gulf Oil Corp. v. Gilbert, supra,* 330 U.S. at 508, 67 S.Ct. 839. Relevant also are interests of judicial administration, including removal from the forum court's crowded docket of cases which bear no relationship to the locality, and avoiding unnecessary interpretation of the law of another jurisdiction. *Id.* at 509, 67 S.Ct. 839.

The trial court viewed the instant case as a "matrimonial dispute" between nonresidents, and decided it in light of those cases in this jurisdiction which have narrowed the range of factors to be considered in such cases in assessing a motion to dismiss on the ground of *forum non conveniens.* In *Curley v. Curley,* 74 App.D.C. 163, 120 F.2d 730, *cert. denied,* 314 U.S. 614, 62 S.Ct. 114, 86 L.Ed. 494 (1941), the rule was established that jurisdiction of maintenance suits between nonresidents domiciled elsewhere should not be exercised by District of Columbia courts unless unusual circumstances justify trial here. *Accord, Wilburn v. Wilburn,* D.C.App., 192 A.2d 797, 800 (1963); *Clark v. Clark,* D.C. Mun.App., 144 A.2d 919 (1958); *Melvin v. Melvin,* 76 U.S.App.D.C. 86, 129 F.2d 39 (1942). The trial court focused its attention on the question of whether sufficient "unusual circumstances" were presented by

appellant in this case to justify taking jurisdiction of her complaint. It concluded that there were not, since it is conceded that no minor children or jointly owned property are located in the District, and the court found neither the elusive behavior nor the difficulty in effecting service elsewhere which have been held to justify the assumption of jurisdiction in prior cases. *See Wilburn v. Wilburn, supra; Hopson v. Hopson,* 95 U.S.App.D.C. 285, 221 F.2d 839 (1955) (en banc); *Melvin v. Melvin, supra.*

Appellant asserted in his supplemental brief and at argument that the instant action is one based solely upon contract, and the trial court erred in treating it as a matrimonial dispute.[7] We think it unnecessary to reach this contention, since we are satisfied that even under the standards established in *Curley, Wilburn* and *Melvin* such special circumstances were present here as to require the trial court to retain jurisdiction over the complaint.

In the instant case Switzerland is the only alternative forum which it has been suggested is available. We must therefore consider those cases in the federal courts which have ruled that a United States court will rarely dismiss a case on the ground of *forum non conveniens* when the only alternative forum is a foreign one. The standard was first established by the Fifth Circuit in *Burt v. Isthmus Development Co.,* 218 F.2d 353 (5th Cir.), *cert. denied,* 349 U.S. 922, 75 S.Ct. 661, 99 L.Ed. 1254 (1955), that

courts should require *positive evidence* of unusually extreme circumstances and should be *thoroughly convinced* that material injustice is manifest before exercising any . . . discretion to deny a

---

7. Appellant's complaint was premised primarily on the written support agreement, and she is not seeking to adjudicate her marital status. It does not appear from the record that appellant is contesting appellee's ex parte Haitian divorce, or that the separation agreement was incorporated into the divorce decree. On the other hand, the action was brought in the Family Division of the trial court as an action "to enforce support of any person as required by law", D.C.Code 1973, § 11–1101, and appellant requested enforcement of the agreement and for other relief "as the Court deems proper for plaintiff's support".

citizen access to the courts of this country. (Emphasis added.)

*Id.* at 357. *Accord, Olympic Corp. v. Société Generale,* 462 F.2d 376, 378 (2d Cir. 1972); *Vanity Fair Mills v. T. Eaton Co.,* 234 F.2d 633, 646 (2d Cir.), *cert. denied,* 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956). The rule applies even when the claim sued upon arose in a foreign country, and the law of that county would govern.[8] *Hoffman v. Goberman,* 420 F.2d 423, 10 A.L.R. Fed. 342 (3d Cir. 1970); *Burt v. Isthmus Development Co., supra; Horovitz v. Renault, Inc.,* 162 F.Supp. 344 (S.D.N.Y.1958).

■ An essential premise of any application of the doctrine of *forum non conveniens* is the availability of an alternative forum. *Gulf Oil Corp. v. Gilbert, supra,* 330 U.S. at 507, 67 S.Ct. 839; *Wilburn v. Wilburn, supra* at 799. The United States Court of Appeals for this circuit has, however, indicated that a foreign jurisdiction cannot necessarily be considered an alternative forum, at least where a question of American law is involved. In *North Branch Products, Inc. v. Fisher,* 109 U.S. App.D.C. 182, 284 F.2d 611 (1960), *cert. denied,* 365 U.S. 827, 81 S.Ct. 713, 5 L.Ed. 2d 705 (1961), a Michigan corporation sued a Canadian defendant for a declaratory judgment that certain United States patents were owned by the plaintiff. Reversing a sua sponte dismissal of the complaint, the court stated as follows:

[Canada] is a foreign jurisdiction and cannot be considered a more suitable or convenient forum in which to require the rights of the parties to be determined. There is no certainty a Canadian court would be compelled to assume jurisdiction of an action filed there by a non-Canadian citizen. We do not decide the question, but its existence adds weight to the argument against the dismissal here. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055. It will not do to send appellant off to Alberta to litigate there, however pleasant the sojourn in Canada might be.

*Id.,* 109 U.S.App.D.C. at 184, 284 F.2d at 613. (Footnote omitted.)

■ Although we recognize that part of the underpinning of these federal cases is the theory that the very purpose of the federal courts is to provide a forum for United States citizens, *see Burt v. Isthmus Development Co., supra* at 357, a theory which would not apply with the same force to state courts, we feel that the priority to be accorded to the plaintiff's interest in having a United States court pass on his

---

8. A United States citizen does not have an absolute right to sue in United States courts. *Vanity Fair Mills v. T. Eaton, Co., supra* at 645. Nonetheless, our research has uncovered only two cases where a United States citizen suing in his own name and other than in admiralty was compelled to litigate his claim in a foreign country. In *Vanity Fair Mills v. T. Eaton Co., supra,* the decision to require a United States company to sue in Canada turned in large part on the fact that the case depended upon the validity under Canadian law of the defendant's trademark registration. A United States court hearing the case would have been required not only to interpret the statutory law of a foreign nation, but also to assess the validity of the acts of its officials.

In *Harrison v. Capivary, Inc.,* 334 F.Supp. 1141 (E.D.Mo.1971), a United States plaintiff suing a foreign corporation for services rendered was required to maintain the suit in Paraguay, the place where the services had been rendered and the location of most witnesses and relevant records. *Compare J. F. Pritchard and Co. v. Dow Chemical of Canada, Ltd.,* 462 F.2d 998 (8th Cir. 1972) (U.S. plaintiff suing as assignee required to sue in Canada on contract, made by its Canadian subsidiary in Canada, to be performed in Canada, and governed by Canadian law). *See Annot.,* 10 A.L.R.Fed. 352 (1972).

claim is similar in both instances.[9] In the instant case, we are persuaded that no court could find that the inconvenience demonstrated on this record by appellee outweighs appellant's interest in having her claim, which is governed by American law, considered and determined by an American court. This court is at least as able as are the courts of Switzerland to apply California law. In addition, it can reasonably be assumed that appellant's suit in Switzerland would face a variety of obstacles not found in a United States court.

Appellee, though not a resident of the District of Columbia, does have substantial contacts with this city. We are satisfied that allowing appellant to maintain her suit in the District of Columbia would not result in "material injustice", *Burt v. Isthmus Development Co., supra* at 357.

 Even were we to follow appellant's suggestion that this case be considered without regard to the matrimonial aspect, we are of opinion that dismissal of the complaint would still be improper. The standard for the application of the doctrine of *forum non conveniens* as articulated by this court in *Byrd v. Southern Railway Co.,* D.C.App., 203 A.2d 37 (1964), is whether the forum chosen by the plaintiff "is so completely inappropriate . . . that it is better to stop the litigation in the place where it is brought and let it start all over again somewhere else." (Footnote omitted.) *Id.* at 38, *quoting All States Freight, Inc. v. Modarelli,* 196 F.2d 1010, 1011 (3d Cir. 1952). The fact that a suit involves nonresidents and a claim not arising in the District of Columbia is not alone sufficient to justify application of the doctrine of *forum non conveniens. Lewis v. Federal Services Discount Corp. of Baltimore,* D.C.Mun.App., 170 A.2d 235 (1961).

 This court has emphasized in a recent series of cases that when plaintiffs are residents of a neighboring jurisdiction in which defendants are amenable to service, and the claim arose in and is governed by the law of that jurisdiction, the courts of the District of Columbia will generally decline to hear the case. *District Realty Title Ins. Corp. v. Goodrich,* 328 A.2d 93 (1974); *Pitts v. Woodward and Lothrop,* D.C.App., 327 A.2d 816 (1974), cert. denied, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Frost v. Peoples Drug Store, Inc., supra.* Accord, *Walsh v. Crescent Hill Co., supra; Nee v. Dillon,* 99 U.S. App.D.C. 332, 239 F.2d 953 (1956). As we view these cases, they are based upon the principle that when a suit has contacts with another jurisdiction far more substantial than those with the forum, and that jurisdiction is equally convenient to both parties, the suit should be heard there. When a plaintiff ignores a jurisdiction having substantial contacts with his case and which is not inconvenient for him, his choice of a forum elsewhere is outweighed by the forum court's interest in clearing its calendar of foreign actions. *Frost v. People's Drug Store, Inc., supra* 327 A.2d at 814.

In the instant case, Switzerland has no contacts at all with the subject of the litigation other than the fact of appellee's domicile there. The jurisdiction having the greatest contact with this litigation is California, since the contract was made there and its law will presumably govern its interpretation in the absence of a contract provision to the contrary. No suggestion has been made that California is an available alternative forum where appellee is amenable to service of process. In either case, therefore, the court adjudicating the instant controversy will be required to apply foreign law. Since neither Switzerland nor the District has a clearly defined interest in the proceeding, the two must be

9. Of the few state courts which have considered the issue raised here, none has ordered a United States plaintiff to a foreign jurisdiction. *See Annot.,* 90 A.L.R.2d 1109, 1116–21 (1963).

weighed against one another in light of the factors discussed in *Gulf Oil Corp. v. Gilbert, supra.* So viewing the issue before us, we are convinced that the interest of appellant in having her case heard by an American court, as has . been discussed above, outweighs any factor of inconvenience to appellee, or to the District of Columbia courts.

Considering all the facts and circumstances of this case, we hold that appellant must be allowed to proceed with suit in this jurisdiction and the granting of the motion to dismiss was error. The decision is therefore reversed and the trial court directed to reinstate the complaint and proceed with the action as expeditiously as possible.[10]

*So ordered.*

10. The action by appellant to enforce the agreement between the parties was filed in the Superior Court in October 1972.