Ernest A. WASHINGTON, Appellant,

v.

The MAY DEPARTMENT STORES et al., Appellees.

No. 12375.

District of Columbia Court of Appeals.

Argued April 27, 1978.

Decided June 23, 1978.

Vincent Nappo, Washington, D. C., for appellant.

Donald P. Maiberger, Washington, D. C., for appellees.

Before NEWMAN, Chief Judge, and KERN and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

This appeal requires that we determine whether the trial court erred in granting appellees' motion to dismiss a complaint on the ground of forum non conveniens. Appellant is a resident of the District of Columbia, who sought damages for false arrest, malicious prosecution, defamation, and negligence allegedly attributable to appellee, a New York corporation which operates the Hecht Company Department Stores in the Washington, D. C., metropolitan area. The events which gave rise to this lawsuit occurred at the Hecht's Marlow Heights, Maryland store. On October 31, 1975, appellant was arrested while shopping at the Marlow Heights store, and was charged with shoplifting. Items for which he had, in fact, paid were taken from him by store authorities and he was released. On December 5, 1975, appellant returned to the Marlow Heights store to recover these items, after allegedly having been assured by a Hecht representative that he would have no problem doing so. He was again arrested, handcuffed and detained. He was ultimately acquitted of criminal charges related to that incident.

Appellant filed this lawsuit on October 29, 1976. On April 20, 1977, the trial court conducted a hearing on appellees' motion to dismiss appellant's suit, advanced on the ground that because the incidents in question had occurred in Maryland, the courts of that state were a more convenient forum. Although the trial court appeared inclined to grant appellees' motion, it withheld decision pending the filing of additional information, including a list of appellant's witnesses and their addresses, and a statement on the effect of the statute of limitations if appellant were required to file suit in Maryland.

By order dated May 11, 1977, the trial court granted appellees' motion and dismissed appellant's suit.[1] We hold, for reasons we shall discuss, that the trial court abused its discretion in so doing, and we accordingly reverse.

■ It is well settled in the District of Columbia that decisions on questions of forum non conveniens are committed to the sound discretion of the trial court. This discretion is not unlimited, however, and we will examine the trial court's action in light of well-established criteria for applying the doctrine. *Cohane v. Arpeja-California, Inc.*, D.C.App., 385 A.2d 153 (1978); *Haynes v. Carr*, D.C.App., 379 A.2d 1178 (1977); *Carr v. Bio-Medical Applications of Washington, Inc.*, D.C.App., 366 A.2d 1089 (1976); *Florida Education Association v. National Education Association*, D.C.App., 354 A.2d 853 (1976); *Dorati v. Dorati*, D.C.App., 342 A.2d 18 (1975); *Pitts v. Woodward & Lothrop*, D.C.App., 327 A.2d 816 (1974), *cert. denied*, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Frost v. Peoples Drug Store, Inc.*, D.C.App., 327 A.2d 810 (1974).

These criteria, announced in the landmark case of *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), were recently restated by this court:

> In . . . *Gulf Oil Corp. v. Gilbert*, the Supreme Court identified two sepa-

---

1. D.C.Code 1973, § 13–425 provides:

   When any District of Columbia court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss such civil action in whole or in part on any conditions that may be just.

rate interests which must be considered in assessing a motion to dismiss for forum non conveniens—the private interest of the litigant, and the public interest. Factors relevant to the private interest concern the ease, expedition, and expense of the trial, and include the relative ease of access to proof; availability and cost of compulsory process; the enforceability of a judgment once obtained; evidence of an attempt by the plaintiff to vex or harass the defendant by his choice of the forum; and other obstacles to a fair trial. . . . Likewise, the public interest is a relevant consideration in applying the doctrine. Factors related to the public interest include administrative difficulties caused by local court dockets congested with foreign litigation; the imposition of jury duty on a community having no relationship to the litigation; and the inappropriateness of requiring local courts to interpret the laws of another jurisdiction. [*Carr v. Bio-Medical Applications of Washington, Inc., supra* at 1092.]

This court has observed that "[f]oremost among [*Gulf's*] criteria was the principle that 'unless the balance is strongly in favor of the defendant, the plaintiffs' choice of forum should rarely be disturbed,'" *Cohane v. Arpeja-California, Inc., supra* at 156, citing *Gulf Oil Corp. v. Gilbert, supra,* 330 U.S. at 508, 67 S.Ct. 839; *see also Gross v. Owen,* 95 U.S.App.D.C. 222, 221 F.2d 94 (1955). Accordingly, we have always considered important in determining the propriety of dismissal on forum non conveniens grounds whether the plaintiff is a resident of the District of Columbia. In *Haynes v. Carr, supra,* we upheld the forum non conveniens dismissal of an action to increase child support brought by appellant wife, a Maryland resident, against appellee husband, also a resident of that state. The children resided in Maryland. The only connection with the District of Columbia, and an insufficient one, was that the husband was employed here.

In *Dorati v. Dorati, supra,* we upheld forum non conveniens dismissal largely because plaintiff was a resident of Italy. In both *Pitts v. Woodward & Lothrop, supra,*

and *Frost v. People Drug Store, supra,* we upheld dismissal of suits brought by Maryland residents; in each case, only appellee had any connection with the District of Columbia, and appellee wished to be sued in Maryland. Finally, in *Florida Education Association v. National Education Association, supra,* we affirmed denial of a motion to dismiss on forum non conveniens grounds, in part because plaintiff was a corporation of the District of Columbia.

▪ This is not to say that plaintiff's status as a resident of the District of Columbia precludes dismissal of his suit on forum non conveniens grounds. In *Carr v. Bio-Medical Applications of Washington, Inc., supra,* in which we affirmed dismissal of a District of Columbia plaintiff's action, we expressly rejected such a rule, observing that "it [was] unwarranted and would severely undermine the trial court's broad discretion in such matters." *Id.* at 1093. *Carr* was a wrongful death action brought by the decedent's wife, a District of Columbia resident, alleging that negligence in the administration of blood dialysis to her husband caused his death. The dialysis had been performed in Maryland by codefendant Maryland physicians organized as a professional corporation in that state. Codefendant Bio-Medical Applications of Washington, Inc., was a Delaware corporation licensed to do business solely in Maryland. The suit called into play the Maryland wrongful death statute, and presented a multitude of complex issues to be resolved under Maryland law, based in large part on the testimony of Maryland witnesses. Applying those facts to the *Gulf* criteria, we found that the strong presumption favoring plaintiff's choice of forum, even stronger when plaintiff is a District of Columbia resident, had been overcome.

▪ In the case at bar, the trial court relied on *Carr* as authority to once again dismiss on grounds of forum non conveniens an action brought here by a District of Columbia resident. We think the facts before us render such reliance misplaced. This court is presented here with its first forum non conveniens case involving a Dis-

trict of Columbia plaintiff and a defendant which maintains a significant presence in this jurisdiction. Analysis by reference to the *Gulf* criteria illustrates the distinctions between *Carr* and this case and mandates the result we reach.

Turning first to the private interests of the litigants, appellant proffers ten witnesses, nine of whom live in the District of Columbia. At the same time, appellees proffer two witnesses, store detectives, who reside in Maryland, but who are appellees' employees, making it reasonable to presume the legal and practical ease of procuring their attendance in a District of Columbia court. This weighs in favor of conducting this suit here, and differs from *Carr,* in which the prospective witnesses were almost exclusively foreign, making their attendance here uncertain and inconvenient. Also significant to our assessment is the fact that appellees have for many years operated a department store in the District of Columbia. This makes it appropriate and not unfair that appellees defend this suit here, and renders it unlikely that appellant will encounter difficulty in enforcing any judgment to which he becomes entitled. A different situation was presented in *Carr,* in which none of the defendants had any nexus with the District of Columbia, and in which plaintiff likely would have been required to travel to other jurisdictions to enforce a local judgment. We think it important, moreover, that while appellant would be a stranger if he were required to maintain this suit in a state or federal court in Maryland, appellees are not strangers to the District of Columbia. Finally, there is no indication on the record that appellant brought suit here for purposes of harassment, and we see no obstacle to a fair trial of this matter in our courts. We hold that a balancing of private interests favors conducting this suit in the District of Columbia.

Turning to the public interest, we think that this community is vitally interested in a dispute between one of its residents and a defendant corporation which is well recognized and respected in the District of Columbia. This case need not necessarily be characterized as foreign litigation but may be viewed as a matter of local concern which happened to arise in nearby Maryland. Although the docket of the Superior Court is heavy, and the demand on District of Columbia residents to serve as jurors correspondingly great, a suit of such local interest is not unduly burdensome. Moreover, although Maryland law will govern tortious conduct allegedly occurring in that state, the legal issues presented here are likely not as complex as were those before the court in *Carr,* and District of Columbia courts are not unfamiliar with the Maryland law of false arrest. *See, e. g., Shaw v. May Department Stores Co.,* D.C.App., 268 A.2d 607 (1970); *Safeway Trails, Inc. v. Schmidt,* D.C.App., 225 A.2d 317 (1967). We hold that the public interest will best be served by conducting this suit in the District of Columbia.

We want to emphasize that only under convincing circumstances, such as were presented in *Carr,* but which are absent here, should a trial court in this jurisdiction dismiss on grounds of forum non conveniens a suit brought by a resident of the District of Columbia. Assuming jurisdiction can be obtained, District of Columbia courts are open to resolve such disputes.

The order of dismissal is reversed and the case is remanded for proceedings consistent with this opinion.

*So ordered.*