Billy **MOBLEY**, Appellant,

v.

**SOUTHERN RAILWAY COMPANY,**
**Appellee.**

**No. 14106.**

District of Columbia Court of Appeals.

Argued June 12, 1979.

Decided Aug. 8, 1980.

William R. Scanlin, Washington, D. C., for appellant.

Stephen A. Trimble, Washington, D. C., with whom Richard W. Turner, Washington, D. C., was on the brief, for appellee.

Before KELLY, NEBEKER and MACK, Associate Judges.

MACK, Associate Judge:

Billy Mobley, a resident of North Carolina at the time this suit commenced, was injured outside Arlington, Virginia, while working for Southern Railway Company (Southern), a Virginia corporation. He brought this suit in the District of Columbia where Southern maintains its corporate headquarters, under three federal statutes: the Federal Employers' Liability Act (FELA), the Federal Safety Appliance Act, and the Boiler Inspection Act.[1] Southern filed a Motion to Dismiss based on *forum non conveniens*. After extensive discovery, limited to the jurisdictional issue,[2] the trial court dismissed the suit. Mr. Mobley appeals the dismissal and asserts that a prior protective order restricting deposition discovery was erroneous. We affirm.

---

1. 45 U.S.C. §§ 51–60 (1976); 45 U.S.C. §§ 1–16 (1976); 45 U.S.C. §§ 22–34 (1976).

2. Although the doctrine of *forum non conveniens* is usually an issue of venue, it is jurisdictional in our courts since we have no provisions for venue. Compare 28 U.S.C. § 1404(a) (1976) with D.C.Code 1973, § 13–425.

According to the complaint, Mr. Mobley's leg was crushed in an accident which occurred while he was operating a track motor car (tie handling machine) for Southern. He alleged that a defect in the equipment caused the brake on the machine suddenly to give way. He slipped on oil as he attempted to remount the machine to stop it, resulting in his injury. He also contended that the machine design was unsafe because there was no step to facilitate boarding and that the equipment should have been staffed with more than one worker.

Southern opposed discovery requests filed by Mobley with his complaint, and moved to dismiss for *forum non conveniens*. Plaintiff countered that discovery should be allowed as to the issue of jurisdiction. He argued that the sources of proof for which much of his case (either as to witnesses or records) rested in the offices of the corporation headquarters–Washington, D.C.

The court ordered discovery, to be completed within a month, on the issue of *forum non conveniens* via interrogatories and requests for admissions. Southern complied with these discovery requests. Almost two months later Mobley served notice to depose twenty–one witnesses and Southern moved pursuant to Super.Ct.Civ.R. 26(c) for a protective order.[3] After a hearing the court issued the protective order. Mobley's motion for reconsideration was denied. At the conclusion of a subsequent hearing, Southern's motion to dismiss for *forum non conveniens* was granted.

The facts relevant to the issue of *forum non conveniens* included the following. The accident occurred in Virginia approximately 145 miles from Washington, D.C. None of the witnesses who could testify on the details of the accident or plaintiff's injuries was within reach of the District of Columbia's compulsory process. Plaintiff was hospitalized and treated in Charlottesville, Virginia, and further treated in Charlotte, North Carolina. The claims agent for

Southern who investigated the incident is located in Lynchburg, Virginia, as are records of the claim. Mobley's personnel records are located in Atlanta, Georgia. Some records regarding the particular piece of equipment are also kept in Atlanta, Georgia; maintenance and inspection records are in North Carolina. Since the accident, Mobley has moved to South Carolina where he continues to work for Southern. Southern's corporate offices are located in the District of Columbia, as is its chief surgeon who reviewed Mobley's case. Southern is amenable to suit in both Virginia and North Carolina.

■ The merits of the case are governed by federal law. In general, an FELA claim may be proved by showing a railroad's negligent conduct caused plaintiff's injury. In addition, a plaintiff may establish negligence *per se* by proving the railroad violated a statutory safety requirement. The Safety Appliance Acts require railroads to equip their vehicles with various safety devices and maintain them in an efficient and safe condition. The Boiler Inspection Act, *inter alia*, makes it unlawful for a railroad to use locomotives unless periodically inspected, or to use those unable to meet certain tests. *See generally* 32 Am. Jur.2d *Federal Employers' Liability and Compensation Acts* (1967). Proof of Mobley's claims would thus entail not only the details of the accident and injury, but also maintenance records, practices, etc. of Southern regarding particular equipment and sites.

### I.

■ Mobley submits that by its very nature an FELA claim involves multiple jurisdictions, and that in these circumstances the plaintiff's choice of forum should be controlling. We agree that a plaintiff's choice of forum should be given special deference in an FELA case. The Act confers concurrent jurisdiction on the state and federal

---

**3.** Super.Ct.Civ.R. 26(c) provides in part:

Upon motion by a party   .   .   ., and for good cause shown, this court   .   .   . may make any order which justice requires to

protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense   .   .   ..

courts over causes of action arising under it. It further provides for venue where the defendant resides, is doing business, or the cause of action arose. 45 U.S.C. § 56 (1976).

■ These generous venue provisions do not preclude application of the doctrine of *forum non conveniens* in the appropriate case. The Supreme Court has ruled that federal courts may transfer FELA cases for reasons of *forum non conveniens* under 28 U.S.C. § 1404(a). *Ex Parte Collett,* 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949). It has also held that state courts may deny access to persons seeking recovery under FELA

> if in similar cases the State for reasons of local policy denies resort to its courts and enforces its policy impartially, . . . so as not to involve a discrimination against Employers' Liability Act suits . . . .. There [is] nothing in that Act . . . which purports to "force a duty" upon the State courts to entertain or retain Federal Employers' Liability litigation "against an otherwise valid excuse." [*Missouri ex rel. Southern Railway Co. v. Mayfield,* 340 U.S. 1, 4–5, 71 S.Ct. 1, 3, 95 L.Ed. 3 (1950) (citations and footnote omitted).]

Since our cases applying *forum non conveniens* reveal that these requirements are met,[4] we are not restricted from applying the doctrine in FELA suits.[5]

■ The authority for the court to dismiss an action for reasons of *forum non conveniens* is found in D.C.Code 1973, § 13–425.[6] An essential predicate to invocation of the doctrine is the availability of an alternate forum. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Dorati v. Dorati,* D.C.App., 342 A.2d 18 (1975).[7]

■ In the many cases in which we have applied this doctrine over the last several years, a few basic rules have emerged. First, and foremost, the plaintiff's choice of forum should rarely be disturbed unless the balance of equitable considerations is strongly in the defendant's favor. *Washington v. May Department Stores,* D.C. App., 388 A.2d 484 (1978); *Dorati v. Dorati, supra.*[8]

■ Second, if a plaintiff's choice is challenged, the trial court should be guided by the criteria set forth by the Supreme Court in *Gulf Oil Corp. v. Gilbert, supra. Wash-*

---

**4.** Our *forum non conveniens* cases demonstrate an impartial application of the doctrine both on the basis of cause of action and D.C. residency. *See, e. g., Carr v. Bio–Medical Applications of Washington, Inc.,* D.C.App., 366 A.2d 1089 (1976) (medical malpractice suit brought by D.C. resident dismissed for *forum non conveniens;* case rejects *per se* rule prohibiting application of the doctrine when one of the parties is a District of Columbia resident); *Dorati v. Dorati,* D.C.App., 342 A.2d 18 (1975) (defendant, a resident of Switzerland with substantial contacts in D.C., not entitled to dismissal for *forum non conveniens* of suit by nonresident to enforce support agreement executed in California).

**5.** Several state courts have reached the same conclusion. *See, e. g., Gonzales v. Atchison Topeka & Santa Fe R. Co.,* 189 Kan. 689, 371 P.2d 193 (1962); *State v. District Court for County of Silver Bow,* 139 Mont. 453, 365 P.2d 512 (1961); *Hopmann v. Southern Pacific Transportation Co.,* 581 S.W.2d 532 (Tex.Civ. App.), *cert. denied,* 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 94 (1979).

**6.** D.C.Code 1973, § 13–425 states:

> When any District of Columbia court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss such civil action in whole or in part on any conditions that may be just.

**7.** At oral argument counsel for Southern conceded that it was subject to jurisdiction in both Virginia and North Carolina.

**8.** An exception to this strong rule has been carved out for those cases involving parties and events in the Washington, D. C. metropolitan area where plaintiff's choice of forum was between D. C. and a court of equivalent jurisdiction in the suburban area. In such circumstances, when the contacts with the other jurisdiction are more substantial than with D. C., dismissal for *forum non conveniens* is not an abuse of discretion. *Carr v. Bio–Medical Applications of Washington, Inc., supra* at 1092; *Dorati v. Dorati, supra* at 23. *Cf. Deupree v. Le,* D.C.App., 402 A.2d 428 (1979) (denial of motion to dismiss for *forum non conveniens* upheld where made after discovery had started and trial date set, even though parties and cause of action concerned Maryland).

*ington v. May Department Stores, supra; Dorati v. Dorati, supra; District-Realty Title Insurance Corp. v. Goodrich,* D.C.App., 328 A.2d 93 (1974). In *Carr v. Bio–Medical Applications of Washington, Inc.,* D.C.App., 366 A.2d 1089, 1092 (1976) this court summarized the relevant inquiry:

> In the landmark case of *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court identified two separate interests which must be considered in assessing a motion to dismiss for *forum non conveniens*—the private interest of the litigant, and the public interest. Factors relevant to the private interest concern the ease, expedition, and expense of the trial, and include the relative ease of access to proof; availability and cost of compulsory process; the enforceability of a judgment once obtained; evidence of an attempt by the plaintiff to vex or harass the defendant by his choice of the forum; and other obstacles to a fair trial. *Id.* at 508, 67 S.Ct. 839. Likewise, the public interest is a relevant consideration in applying the doctrine. Factors related to the public interest include administrative difficulties caused by local court dockets congested with foreign litigation; the imposition of jury duty on a community having no relationship to the litigation; and the inappropriateness of requiring local courts to interpret the laws of another jurisdiction. *Id.* at 508–09.

■ Finally, the decision to dismiss a suit on the basis of *forum non conveniens* is entrusted to the discretion of the trial court and will not be disturbed absent a showing of clear abuse of that discretion. *Carr v. Bio-Medical Applications of Washington, Inc., supra; District–Realty Title Insurance Corp. v. Goodrich, supra; Frost v. Peoples Drug Store, Inc.,* D.C.App., 327 A.2d 810 (1974).

The ruling of the trial judge in this case was a clear application of these factors. I think this is a discretionary ruling in this particular case.

I recognize that the defendant is a railroad corporation, and the Court will not lightly disturb a plaintiff's choice of forum. However, the plaintiff in this case is not a D.C. plaintiff and the operative facts did not occur here. The Court is considering, has considered the so-called private factors, the access of the important sources of proof, the availability of compulsory process, the expense and difficulty of getting witnesses to attend, and the practical problems involved, and these do not come down in favor of this jurisdiction.

So far as the public considerations are concerned, I am acutely aware of the Court's backlog situation. I recognize the accuracy of what Mr. Hastings said about the figures for the end of 1977 being less than the end of 1976 so far as backlog is concerned. That was due to an extraordinary effort on the part of the Court in the last months of 1977, assigning additional judges from other divisions to civil, to meet the growing backlog. Those judges are no longer assigned, and the problem of our case load remains severe. I feel that while no jurisdiction could be called preeminently superior in this situation, several jurisdictions are superior to this jurisdiction.

South Carolina is the plaintiff's present residence, where I understand Southern Railroad has tracks, and is amenable to service of process–North Carolina and Virginia.

Given all the factors here, considering the entire record, I grant the Motion.

■ Mindful of the limitations of our review, we think the record supports the trial court's decision. Mr. Mobley has no contact with the District of Columbia or its metropolitan area; the situs of the accident and treatment are well beyond the reach of this court. No matter where this case is tried, it will be necessary for witnesses to travel some distance.[9] In addition, the rec-

---

**9.** As we noted in *Byrd v. Southern R. Co.,* D.C.App., 203 A.2d 37 (1964), inconvenience to defendant is inherent in any case involving a railroad given the transitory nature of the cause of action. However, this does not serve

ord evidence is also scattered throughout the Southern line. Clearly Southern is doing business in the District of Columbia, but there has been no showing of major involvement of its local office in this case. Appellant's argument that the medical claims supervisor played a major part in deciding his course of treatment is contradicted by Southern's answers to interrogatories. None of these factors tips the balance in favor of trial of the suit in the District as opposed to another forum, and several argue strongly against it.

In this context, the public factors become decisive, overriding the deference to plaintiff's choice. The congestion of the civil docket cited by the trial judge remains a problem in this jurisdiction. The trial of this case for $5 million in damages promises to be complex and drawn out—before a jury in a jurisdiction with no relationship to the litigation. The District of Columbia has no particularized interest in either the parties or subject matter of this litigation. On balance, we cannot say that the trial judge abused his discretion in ordering the case dismissed for *forum non conveniens*.[10]

## II.

We turn now to appellant's objection to the protective order quashing its notice to depose 21 witnesses. The issue here is not whether discovery should have taken place at all, but rather how much discovery was needed to decide the *forum non conveniens* jurisdictional issue.

This court has not had occasion to rule upon the propriety of limiting discovery on the merits until preliminary issues are resolved. In interpreting the applicable discovery rules, we therefore are guided by decisions construing the Federal Rules of Civil Procedure, substantially the same as ours. *Dunn v. Evening Star Newspaper Co.*, D.C.App., 232 A.2d 293 (1967).

The extent of discovery and the use of protective orders are committed to the discretion of the trial judge. *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973); *Chemical & Industrial Corp. v. Druffel*, 301 F.2d 126, 129 (6th Cir. 1962). It is not uncommon for federal courts to limit discovery on the merits pending a resolution of that issue. *See* 4 Moore's Federal Practice ¶ 26.56[6] (2d ed. 1976).

The only case to which we have been directed involving discovery pending determination of a motion to dismiss for *forum non conveniens* is *Fitzgerald v. Texaco, Inc.*, 521 F.2d 448 (2d Cir. 1975), *cert. denied*, 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976). There, the court affirmed a dismissal for *forum non conveniens,* but noted in dicta that the trial court did not err in issuing protective orders barring merits discovery.

[A] motion to dismiss for *forum non conveniens* does not call for a detailed development of the entire case; rather discovery is limited to the location of important sources of proof. [*Id.* at 451 n.3.]

We agree with this reasoning. On this record we think a sufficient factual basis was laid for the trial court's decision. Southern provided detailed responses to interrogatories and requests for admissions designating the location of relevant sources of proof—both records and witnesses. On the basis of those responses, it was evident that major sources of proof were not located in Washington, D. C. Plaintiff's request for additional discovery by deposing Southern employees sought to further explore general corporate oversight of practices relating to the accident.

We do not think the trial court abused its discretion in denying this addi-

---

to eliminate altogether a consideration of "inconvenience" from our decision.

10. Appellant cites *Byrd v. Southern R. Co., supra*, reversing dismissal for *forum non conveniens* of a Maryland resident's suit where the accident occurred outside D.C. But in that case the *plaintiff's* (a passenger) contacts with this forum were controlling; she had purchased the tickets here, and began and ended her journey here. In the instant case, plaintiff Mobley has no contacts with D.C., a critical distinction from *Byrd*.

**1050** ■ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

tional discovery.[11] The interests of judicial economy and fairness to the parties support the decision here.

### III.

■ It was suggested at oral argument that the three–year statute of limitation [12] on Mr. Mobley's cause of action had run three months after the dismissal for *forum non conveniens*.[13] In our view, however, the holding of *Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 434–35, 85 S.Ct. 1050, 1051–1058, 13 L.Ed.2d 941 (1965) is controlling here. "[W]hen a plaintiff begins a timely FELA action in a state court having jurisdiction, and serves the defendant with process and plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit" and further "is tolled until the state court order dismissing the state action becomes final by . . . the entry of a final judgment on appeal." *Id.* (footnote omitted).

*Affirmed.*

▮▮▮▮▮▮▮▮▮▮

---

11. As the trial judge aptly stated:
    What we have is a balancing of interest, if you want to call it exercise of judicial discretion, or weighing of interest, that's what it comes down to.
    The plaintiff wants more discovery in order to meet the motion forum non conveniens. The defendant argues that there has been enough, and that leaves me with, when is enough enough? I don't know that we can fashion anything that is acceptable to both sides, but as I see it, gentlemen, with due respect, I think that the order should be granted, and I will therefore grant the protective order and that means that you will have

to be ready for a motion to be scheduled on this question of forum non conveniens.

12. 45 U.S.C. § 56 (1976).

13. Mobley did not file a protective suit in another jurisdiction pending the outcome of this appeal. Counsel for Southern stated that he was authorized to waive the statute limitation defense if the suit were filed in North Carolina, the Western District of Virginia, or South Carolina within 30 days of our mandate. We trust this representation will be honored, should it be necessary.