**FUTURE VIEW, INC., Appellant,**

v.

**CRITICOM, INC., et al., Appellees.**

**No. 97–CV–1509.**

District of Columbia Court of Appeals.

Submitted Feb. 10, 1999.

Decided June 15, 2000.

---

Robert A.W. Boraks, Washington, was on the brief for appellant.

Joseph J. Bottiglieri and Theodore W. Heiser, Washington, were on the brief for appellees.

Before RUIZ and REID, Associate Judges, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge:

The trial court granted appellee's motion to dismiss for *forum non conveniens*. Appellant argues that the trial court abused its discretion by: (1) failing to properly weigh appellant's choice of forum as a District of Columbia resident-plaintiff; and (2) failing to properly consider the amount of prefabrication and planning that appellant performed at its offices in the District of Columbia. We affirm.

Appellee CritiCom, Inc. ("CCI") is a telecommunications company organized under Maryland law, with its principal place of business in Lanham, Maryland. CCI has a Certificate of Authority to do business in the District of Columbia. Appellant Future View, Inc. ("FVI") is a District of Columbia corporation, located in the District. It sells, rents, and installs audio-visual equipment.

Maryland's Charles County Community College contracted with CCI to provide a remote-learning video teleconferencing system on its campus. CCI subcontracted with FVI to supply and install certain audio-visual equipment, and to perform training and maintenance in support of CCI's prime contract with the community college. In case of a dispute, the purchase orders between CCI and FVI specified that Maryland law was applicable. Moreover, although FVI has provided an affidavit asserting that more than seventy-five percent of their effort was conducted at their office in the District of Columbia, the final product as well as future maintenance and training were all located at the Maryland community college.

As the project progressed, FVI periodically submitted invoices to CCI for equipment purchases and services as required by the subcontract. However, FVI sued after CCI refused to pay certain invoices. FVI's complaint makes three claims: (1) breach of contract; (2) breach of trust under Md.Code Ann., Real Property §§ 9–201(b) and –202 (1996 Repl.); and (3) conversion.

In response to FVI's complaint, CCI filed a motion to dismiss for *forum non conveniens*, pursuant to D.C.Code § 13–425 (1995 Repl.). The trial court granted CCI's motion, concluding "that the substantial, material and overriding contacts regarding this case are in Maryland, that Maryland law controls and that the key, primary witnesses are in that jurisdiction and that the only contact [with] this jurisdiction is that the plaintiff is here, *see Kaiser Foundation Health Plan v. Rose*, 583 A.2d 156, 158 (D.C.1990)." FVI appealed, arguing that the trial court abused its discretion in its ruling. Specifically, FVI argues that the trial court: (1) failed to properly weigh FVI's choice of forum as a District of Columbia resident-plaintiff; and (2) failed to properly consider the amount of prefabrication and planning that FVI performed at its offices in the District of Columbia.

The doctrine of *forum non conveniens* is found in D.C.Code § 13–425 and provides: "When any District of Columbia court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss such civil action in whole or in part on any

conditions that may be just." As noted by the trial court, the relevant private and public factors to be considered in making this determination were established in *Kaiser Foundation Health Plan, supra:*

> [T]he pertinent private interest factors include (1) plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3) the ease of access to sources of proof; (4) the availability and cost of compulsory process; and (5) the enforceability of any judgment obtained. The public factors include: (1) the clearance of foreign controversies from congested dockets; (2) the adjudication of disputes in the forum most closely linked thereto; and (3) the avoidance of saddling courts with the burden of construing a foreign jurisdiction's law.

*Id.* (citations omitted).

In reviewing the trial court's dismissal, we note that "[w]e have repeatedly held that trial court rulings on *forum non conveniens* motions are entitled to receive considerable deference from this court. We will not reverse such a ruling unless presented with clear evidence that the trial court abused its broad discretion." *Jenkins v. Smith,* 535 A.2d 1367, 1369 (D.C. 1987) (en banc). " '[W]here the [trial] court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.'... An appellate court must not 'los[e] sight of this rule, and substitute its own judgment for that of the [trial] court.' " *Eric T. v. National Med. Enter., Inc.,* 700 A.2d 749, 754 (D.C.1997) (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)).

■ This deferential standard of review is not a "rubber-stamp." *Id.* Instead, "we apply 'close scrutiny' to the specific factors identified and evaluated by the trial court; once we are satisfied that the trial court took the proper factors into account, we adopt a deferential approach in determining whether the trial court's decision fell within the 'broad discretion' committed to it." *Smith v. Alder Branch Realty Ltd.,* 684 A.2d 1284, 1285–86 (D.C.1996) (citation omitted). Close scrutiny of the factors evaluated by the trial court leads us to conclude that the trial court did not abuse its broad discretion.

First, the record shows that both CCI's memorandum in support of the motion to dismiss and FVI's memorandum in opposition to the motion placed before the trial court all relevant legal and factual concerns. Specifically, and contrary to FVI's contention, the trial court was apprised of the importance of FVI's choice of forum as a resident-plaintiff. FVI's memorandum clearly identified the need for "convincing circumstances" in denying the resident-plaintiff's choice, as required by *Washington v. May Dep't Stores,* 388 A.2d 484, 487 (D.C.1978).

The trial court's order clearly acknowledged FVI's District of Columbia residency, but found that the Maryland-based factors were more significant. The factors include: (1) the labor intensive effort required in running wires and installing video monitors into existing structures at the Maryland community college; (2) the burden of requiring District of Columbia courts to construe Maryland law; and (3) the convenience of potential witnesses.[1]

Second, FVI's affidavit apprised the trial court of the volume of work that it had

---

1. Appellant argues that the trial court's evaluation of the witnesses' convenience is premature, because the witnesses have not yet been identified. However, appellant's argument unnecessarily focuses on the potential residences of unidentified witnesses and not on the *known* location of their employment. Specifically, it was not unreasonable, and not beyond the trial court's discretion, to assume that the key, primary witnesses would be employed at the Maryland community college. Consequently, the trial court did not abuse its discretion in considering that if these witnesses traveled to Maryland every day for work, they would not be inconvenienced by a Maryland trial, but would more likely be inconvenienced by a District of Columbia trial.

performed in its District of Columbia office. Specifically, the trial court was fully aware that FVI personnel performed more than two-thirds of their work in the District. In its discretion, however, the trial court could conclude that this quantity of work in the District of Columbia was outweighed by the more substantial and material quality of the installation work accomplished at the Maryland community college, including running wires within the college's buildings and installing video monitors into its existing structures.

We find that the trial court's order reflects proper consideration of the relevant public and private interest factors presented in the record. In addition, we refrain from substituting our judgment for that of the trial court, and conclude that the trial court's decision to weigh these factors in favor of granting CCI's motion to dismiss for *forum non conveniens* was not unreasonable, and thus was not an abuse of discretion. *See Eric T., supra,* 700 A.2d at 754.

Finally, we note that "where this court has approved or ordered dismissal on *forum non conveniens* grounds, it has conditioned dismissal on the waiver of the statute of limitations in the alternative forum." *Guevara v. Reed,* 598 A.2d 1157, 1161 (D.C.1991) (citations omitted). Therefore, we affirm the trial court's order of dismissal, but remand for the entry of an order conditionally dismissing the complaint as directed by this court, including requiring appellee to waive any defense to an action brought by appellant based on the Maryland statute of limitations.

*So ordered.*

RUIZ, Associate Judge, dissenting.

I respectfully dissent because I think a remand to the trial court for a full consideration of the private and public factors relevant to determination of a motion to dismiss for *forum non conveniens* is appropriate. As the majority correctly states, we review such decisions for abuse of discretion and we do not substitute our

judgment for that of the trial court; we defer, however, only "once we are satisfied that the trial court took the proper factors into account." *Smith v. Alder Branch Realty Ltd. Partnership,* 684 A.2d 1284, 1287 (D.C.1996). Therefore, "we pay particular attention to the reasons articulated by the trial court for [its] decision." *Id.* We cannot conduct a meaningful review, and, in fact, will end up substituting our own judgment for that of the trial court, unless we know what factors the trial court considered and why it reached the decision it did.

The trial court's order in this case reads in its totality as follows:

> Upon consideration of defendants' Motion to Dismiss, the opposition and the defendants' reply thereto and it appearing that, for the reasons stated by the defendants that the substantial, material and overriding contacts regarding this case are in Maryland, that Maryland law controls and that the key, primary witnesses are in that jurisdiction and that the only contact [with] this jurisdiction is that the plaintiff is here, *see Kaiser Foundation Health Plan v. Rose,* 583 A.2d 156, 158 (D.C.1990), it is this day.... Ordered that the Motion to Dismiss based on the ground of Forum Non Conveniens is Granted.

In light of the trial court's terse order and the absence of a hearing on the motion, the majority looks at the parties' motions for and against dismissal on grounds of *forum non conveniens* to infer what the trial court *must* have determined in order to reach its decision to dismiss the complaint, notwithstanding that plaintiff, a District of Columbia corporation, chose to bring its lawsuit in the District of Columbia. We have said that "[t]he strong presumption favoring plaintiff's choice of forum is even stronger when [it] is a District of Columbia resident." *Mills v. Aetna Fire Underwriters Ins. Co.,* 511 A.2d 8, 10 (D.C.1986) (citing *Washington v. May Dep't Stores,* 388 A.2d 484, 486 (D.C.1978)). The plaintiff in this case is a District of

Columbia corporation with its business in the District of Columbia. Thus, defendants here have a heavy burden to show, not that Maryland would be a similarly convenient forum, or even a more convenient one, but that the District of Columbia is an *inconvenient* forum. I cannot conclude, based solely on the parties' motions and without the benefit of the trial court's thinking, that the trial court did not abuse its discretion in deciding, as it must have in order to dismiss the plaintiff's complaint, that the defendants met that heavy burden.

In affirming the trial court's dismissal for *forum non conveniens*, the majority refers to the "labor intensive effort required ... at the Maryland community college," the burden of requiring District of Columbia courts to construe Maryland law, and the convenience of witnesses, as sufficient to overcome the deference given to a District of Columbia plaintiff's choice of a District of Columbia forum.[1] With respect to the first factor, the amount of work performed in Maryland, the majority acknowledges that the affidavit of plaintiff, Future View Inc's ("FVI") Chief Executive Officer, which was before the trial court, specifically stated that most of the work FVI performed under its subcontract with defendant CritiCom Inc. ("CCI")—the contract that is at issue in this case—was performed in the District of Columbia. Nonetheless, the majority summarily concludes that "[i]n its discretion, however, the trial court could conclude that this quantity of work in the District of Columbia was outweighed by the more substantial and material quality of the installation work accomplished at the Maryland community college."[2] As this case was dismissed before any discovery had been conducted, and on the basis of written motions and supporting documents, there is nothing in the record that can lead this court to surmise that the trial court's dismissal was based on a determination that the fact that the majority of the work performed by plaintiff in the District of Columbia was somehow "outweighed" by the "more substantial and material quality of the installation work accomplished" in Maryland— particularly as it is unclear whether the work performed in Maryland, which the majority presumes the trial court found to be more substantive, was performed by CCI under its prime contract with CCCC (which is not the subject of this lawsuit) or by FVI under the subcontract with CCI that is at issue in this case.[3] Unless FVI's affidavit is dismissed as inherently incredible (which the majority does not purport to do), the trial court's statement in its order that "the only contact with this jurisdiction is that the plaintiff is here," without some

1. The trial court did not expressly refer to the other private and public factors we have identified as relevant: ease of access to the sources of proof, availability and cost of compulsory process, enforceability of any judgment obtained, and clearance of foreign controversies from congested dockets. *See Coulibaly v. Malaquias*, 728 A.2d 595, 600–01 (D.C.1999) (outlining relevant factors); *Mills*, 511 A.2d at 10 (same). Nor does the majority attempt to recreate the trial court's consideration, or account for non-consideration, of these factors.

2. David Hanrahan, Chief Executive Officer of FVI, stated in his affidavit: "I would estimate that in excess of 75% of the work done in fulfillment of the contract between CCI and Charles County Community College ("CCCC") was done by FVI, and more than two-thirds of FVI's work was done in D.C."

This would mean that about half of the work called for under the contract between defendant CCI and CCCC was performed in the District of Columbia.

3. The affidavit of Robert W. Winegard, Executive Vice President of CCI, does not dispute FVI's estimate of the proportion of FVI's work under the CCI–FVI subcontract performed in the District. Rather, Mr. Winegard states in his affidavit: "The parties [CCI and FVI] provided all *equipment and services* for CCCC in Maryland and all payments made to CritiCom were received from CCCC in Maryland." This statement on its face refers only to the "equipment and services for CCCC" which, being in Maryland, were obviously also in Maryland; it does not refer to the work performed by FVI under the subcontract with CCI.

explanation of the trial court's analysis of FVI's affidavit, does not appear to be supported by the record. Or perhaps the trial court overlooked the plaintiff's affidavit on the significant amount of contract work performed in the District.

With respect to the second factor, the burden of requiring District of Columbia courts to construe Maryland law, we have expressly stated that the applicability of Maryland law should not be dispositive in deciding the proper forum as "our courts are not unfamiliar with the laws of Maryland." *Crown Oil and Wax Co. of Del. v. Safeco Ins. Co. of Am.*, 429 A.2d 1376, 1381 (D.C.1981). The third, and last, factor identified by the trial court's order is that "primary witnesses" are in Maryland. At this preliminary stage of the litigation, when CCI has yet to assert a defense to FVI's claims of breach of contract, it is difficult to know who potential, let alone primary, witnesses may be, as they have yet to be identified; at most we can assume that they will include employees of CCI and FVI, and, perhaps, of CCCC. Even assuming further, that CCI's and CCCC's employees reside in Maryland and FVI's employees reside in the District of Columbia, facts which are not in the record, it is difficult to consider that it would be a significant inconvenience to require a CCI employee resident in a Maryland suburb of the District of Columbia to appear before a District of Columbia court. Any such inconvenience would necessarily have to be neutralized by the corresponding inconvenience (also slight) to an employee of FVI resident in the District of Columbia to appear before a Maryland court. Absent a case in which all the witnesses reside in one jurisdiction, or some other special circumstance, the convenience of witnesses simply is not a pressing factor as between trial in the District of Columbia and trial in a neighboring county in Maryland.

It may well be that, with further explanation from the trial court, a decision to dismiss for *forum non conveniens* would be sustainable. But on the state of the record before us, parts of which call into question some of the conclusions apparently reached by the trial court, we cannot affirm unless we can "conclude that the only permissible decision" is that the District of Columbia is an inconvenient forum. *See Coulibaly, supra* note 1, 728 A.2d at 605. In light of plaintiff's residency in the District of Columbia and plaintiff's affidavit that most of its work under the contract at issue was performed in the District of Columbia, this is hardly such a case.

For these reasons, I would reverse the dismissal for *forum non conveniens* and remand for a full consideration by the trial court of the relevant private and public factors in light of all the evidence in the record. *See id.* (noting that ordinarily "we would remand for an exercise of trial court discretion based upon proper factors" when the trial court has applied an incorrect legal standard or failed to consider all relevant factors).