MICHAEL J. MOONEY v. CAMDEN IRON WORKS.

Submitted March 21, 1912—Decided June 18, 1912.

The amendment to "An act for the limitation of actions," approved March 24th, 1896 (*Pamph. L., p.* 119), applies to actions for personal injuries caused outside of this state.

On demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the demurrant, *Wilson & Carr.*

For the defendant, *Bleakly & Stockwell.*

The opinion of the court was delivered by

GARRISON, J. The declaration in this case states a cause of action for damages for personal injuries caused in the State of Massachusetts on the 29th day of March, 1906. To this declaration the defendant pleaded specially that it was not guilty of the supposed trespass at any time within two years next before the commencement of the suit.

To this plea the plaintiff demurred, thereby raising the question whether the amendment to "An act for the limitation of actions" (*Pamph. L.* 1896, *p.* 119) applies to actions for personal injuries caused outside this state.

The act of 1896 is as follows:

"Every action upon the case for words shall be commenced and sued within two years next after the words spoken and not after, and that all actions hereafter accruing for injuries to persons caused by the wrongful act, neglect or default of any person or persons, firm or firms, individual or individuals, corporation or corporations within this state, shall be commenced and instituted *within* two years next after the cause of such action shall have accrued and not after."

The contention of the plaintiff is that the words "within this state" are a part of the description of the tort, and that the legislative intent that is thus expressed is that a plaintiff, if injured in this state, shall lose his right of action in the courts of this state in two years, but if injured in any other state, he may bring his action in our courts at any time within six years.

As persons injured in this state are likely to be its citizens and those injured in other states the citizens of such states, it would require a very clear use of language to make us ascribe to the legislature the intention of investing strangers with a right three times more favorable than that accorded to its own citizens.

We do not think that this is the natural sense or the proper interpretation of the statute, the subject of the second clause of which is actions accruing in this state. In the statutory statement of this subject all that comes between the participle "accruing" and the words "within this state" constitutes the description of the sort of torts to which the statutory limitation applies. The words "within this state," being thus properly used in the description of the actions with which the statute deals, are to be given no force in the description of the torts for which such actions may be brought.

If punctuation and the position of the words are to control, "within this state" would qualify "corporations;" but we think that the other is the proper interpretation of the statute.

This appears to have been the interpretation placed upon this amendment in the case of *Tomlin* v. *Hildreth, 36 Vroom* 438, although the point we are now deciding was not involved in that case.

Judgment upon demurrer will be entered for the defendant.