15 N.J. Super. 250 (1951)
83 A.2d 305
ALBERT W. WEED, PLAINTIFF-APPELLANT,
v.
ROBERT A. SMITH, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued July 23, 1951.
Decided September 6, 1951.
*251 Before Judges McGEEHAN, SMALLEY and HANEMAN.
Mr. Vincent T. Dee argued the cause for appellant.
Mr. Francis Van Orman argued the cause for respondent (Mr. Augustus Nasmith, on the brief).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Plaintiff appeals from a judgment entered in the Superior Court, Law Division, dismissing his complaint.
*252 The complaint alleged that on December 14, 1948, the plaintiff was injured while a passenger, by invitation, in a motor vehicle operated by the defendant in Bethel, Connecticut, when the motor vehicle left the highway and overturned, due to the negligence of the defendant. The defendant moved to dismiss the complaint on the grounds "that plaintiff and defendant are both residents of the State of Connecticut, that the cause of action arose in Connecticut, and that it is not convenient to this Court, nor to the defendant, to accept jurisdiction of this action, which will burden the taxpayers of New Jersey with the expense of litigation, and will delay the trial of actions of its own citizens." The trial court granted the defendant's motion.
Both plaintiff and defendant were residents of Connecticut when the accident occurred, and have continued to reside therein. That the defendant is amenable to process in Connecticut is not questioned. The defendant was personally served in New Jersey more than one year, but less than two years, after the cause of action accrued. In this type of action the statute of limitations in Connecticut is one year (according to the parties), while our statute is two years (R.S. 2:24-2; Mooney v. Camden Iron Works, 83 N.J.L. 32 (Sup. Ct. 1912)). The defendant came into New Jersey at the time and to the place fixed by prearrangement with the plaintiff, for the purpose of accepting personal service of the papers in this action. In his affidavit the defendant states that he did so because the plaintiff represented to him that certain advice given by him to the plaintiff had caused the plaintiff to delay consulting an attorney until the statute of limitations had expired in Connecticut, but that the action could still be brought in New Jersey. He stated, further, that while he did not concur in the legitimacy of the plaintiff's claim, he thought that the plaintiff was entitled to a decision by the court on the merits.
The only question before us is whether the trial court erred in applying the doctrine of forum non conveniens and dismissing the complaint.
*253 This doctrine is simply that a court may resist imposition upon its jurisdiction, even when jurisdiction is authorized by the letter of a general venue statute. While it leaves much to the discretion of the court to which the plaintiff resorts, there are only rare cases in which the combination and weight of the applicable factors are sufficient to justify the application of the doctrine. Unless the balance is strongly in favor of defendant, the plaintiff's choice of forum should not be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 91 L.Ed. 1055 (1947); cf. Anderson v. Delaware, L. & W.R.R. Co., 18 N.J. Misc. 153 (Cir. Ct. 1940); Kantakevich v. Delaware. L. & W.R.R. Co., 18 N.J. Misc. 77 (Cir. Ct. 1940).
We do not reach the question whether this is a case in which the combination and weight of the applicable factors justify the application of the doctrine and the dismissal of the complaint. Under the circumstances of this case, the defendant was not entitled to seek its application and the court should not apply it on its own motion. The defendant, by his voluntary act, not only submitted to the jurisdiction of our court at a time when the statute of limitations had run in Connecticut, but did so for the sole purpose of having our court exercise such jurisdiction. He should not be permitted thereafter to reverse his position and seek relief from the very jurisdiction to which he voluntarily submitted, especially when the granting of such relief would, as a practical matter, leave the plaintiff without a remedy.
The judgment is reversed.