William F. COCKRELL, Jr., Appellant,

v.

CUMBERLAND CORPORATION,
Appellee.

No. 82–234.

District of Columbia Court of Appeals.

Argued Jan. 11, 1983.
Decided Feb. 23, 1983.
As Amended April 18, 1983.

William F. Cockrell, Jr., and Michael J. Remington, Washington, D.C., for appellant.

Richard H. Nicolaides, Washington, D.C., for appellee.

Before BELSON and TERRY, Associate Judges, and PAIR, Associate Judge, Retired.

TERRY, Associate Judge:

Appellant sued appellee in the Superior Court, alleging breach of contract and neg-

ligence in the erection of a cabin on appellant's property in Warren County, Virginia. The trial court dismissed the case for lack of personal jurisdiction over appellee and on the additional ground of *forum non conveniens*. We affirm the order of dismissal on both grounds.

## I

Appellant is a resident of Virginia. Although he lived in the District of Columbia at the time he entered into a contract with appellee, he moved to Virginia sometime before filing his complaint in this case. Appellee is a Virginia corporation engaged in the building of cabins in the Shenandoah Valley. At the time of the events at issue, its only office was in Front Royal, Virginia, although it now has offices in the Virginia suburbs of Washington and elsewhere. It does not now have, and never has had, an office or place of business in the District of Columbia.

In response to an advertisement by appellee in the Washington Post, appellant entered into negotiations with appellee in the summer of 1973 to construct a cabin on his property in Warren County. In the course of the negotiations a surveyor, chosen by appellee, surveyed appellant's lot and marked the homesite with a spike. Appellant had preferred to employ a different surveyor, but appellee insisted on the one it had selected. Appellant paid the surveyor's fee. Finally, in December 1973 a contract was executed whereby appellee agreed to build a cabin on appellant's land for a stated price.[1] The cabin was built in a matter of weeks.

In July 1981 appellant discovered that a portion of his cabin extended several feet onto an adjoining lot belonging to his neighbor. The cabin had apparently been built in the wrong place because of an error

by the surveyor in locating the spike on appellant's lot. Appellant requested appellee to move the cabin entirely onto his lot and to rectify any damage resulting from the move. Appellee refused, and appellant filed this suit. Pending the outcome of this appeal, the cabin remains where it was built.

## II

The District of Columbia long-arm statute, D.C.Code § 13–423(a) (1981), provides in part:

> A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—
>
> (1) transacting any business in the District of Columbia....

Appellant contends that appellee, by writing letters and making telephone calls to him in the District of Columbia during the contract negotiations, transacted business in the District so as to make it amenable to the court's jurisdiction under section 13–423(a)(1). We would be hard-pressed to conclude on this record that a few letters and phone calls from Virginia to the District amounted to transacting business in the District. *See Bueno v. La Compania Peruana de Radiodifusion, S.A.*, 375 A.2d 6 (D.C.1977).[2] But we need not reach this issue, for it is clear that appellant's claim fails in another respect to meet the requirements of the statute.

■ "It is now well-settled that the 'transacting any business' provision [of section 13–423(a)(1) ] embraces those contractual activities of a nonresident defendant *which cause a consequence here*." *Mouzavires v. Baxter*, 434 A.2d 988, 992 (D.C.1981) (plurality opinion) (emphasis added; citations omitted). The only "consequence" in

---

1. Although there may be some dispute as to whether the contract was executed in the District of Columbia or in Virginia, there can be no doubt that it was to be performed entirely in Virginia.

2. The fact that appellee may have transacted business with other customers in the District of Columbia is of no help to appellant, for his claim must arise from the particular transaction on which he relies as a basis for jurisdiction. *See* D.C.Code § 13–423(b) (1981).

the District of Columbia of which appellant complains, as he conceded at oral argument, is injury to his bank account, in that he paid the surveyor's fee and may be obliged to pay other sums out of his checking account in a District of Columbia bank. To call this a consequence, given the facts of this case, is plainly absurd. The acts of which appellant really complains are the erroneous survey and the resulting construction of the cabin in the wrong place, both of which occurred entirely in Virginia. If the cabin has to be moved a few feet so that it no longer sits on his neighbor's lot, it will be transported from one place in Virginia to another without ever coming near the District of Columbia. Although the cost of moving the cabin may be directly attributable to some act or omission of appellee, where the money comes from to pay for it (or to pay the surveyor's fee) is utterly irrelevant. We hold that appellant's writing of a check on a District of Columbia bank is both too remote and too trivial to be regarded as a consequence of any contractual activity by appellee. Thus there is no basis for invoking section 13–423(a)(1), and the trial court was correct in dismissing appellant's action for lack of personal jurisdiction.

### III

■ The trial court also based its order of dismissal on the alternative ground of *forum non conveniens.* Such decisions are committed to the sound discretion of the trial court and may not be overturned unless that discretion has been clearly abused. *E.g., Cohane v. Arpeja-California, Inc.,* 385 A.2d 153, 156 (D.C.), *cert. denied,* 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978). We find no such abuse here.

■ This case simply does not belong in the courts of the District of Columbia. Both parties are residents of Virginia. The conduct of which appellant complains, *i.e.,* the building of his cabin so that it en-

croached on his neighbor's lot, occurred in Virginia. The land on which the cabin sits is in Virginia, several counties removed from the District of Columbia. If the case were tried here, our courts would have to apply Virginia law. There are, of course, "two separate interests which must be considered in assessing a motion to dismiss for *forum non conveniens*—the private interest of the litigant, and the public interest." *Carr v. Bio-Medical Applications of Washington, Inc.,* 366 A.2d 1089, 1092 (D.C.1976). We may assume that in at least one respect appellant's private interest would favor keeping this case in the District of Columbia, since his claim is probably barred by statute in Virginia as untimely. *See* Va. Code § 8.01–230 (1977).[3] However, the public interest is also "a relevant consideration .... Factors related to the public interest include administrative difficulties caused by local court dockets congested with foreign litigation; the imposition of jury duty on a community having no relationship to the litigation; and the inappropriateness of requiring local courts to interpret the laws of another jurisdiction." *Carr, supra,* 366 A.2d at 1092 (citation omitted). Considering both public and private interests, we cannot say that the trial court abused its discretion in dismissing this case on the ground of *forum non conveniens.*

Affirmed.

---

**3.** Of course, if appellant wishes to challenge the Virginia statute on constitutional grounds, as he intimated at oral argument, he is free to do so in the Virginia courts or in an appropriate federal court.