**Marguerite C. MILLS, Appellant,**

v.

**AETNA FIRE UNDERWRITERS INSURANCE COMPANY, Appellee.**

**No. 84–1439.**

District of Columbia Court of Appeals.

Argued June 27, 1985.

Decided June 11, 1986.

Theresa M. Butler, with whom Arthur V. Butler, Wheaton, Md., was on brief, for appellant.

Theresa E. Cummins, for appellee.

Before MACK, BELSON, and ROGERS, Associate Judges.

BELSON, Associate Judge:

Appellant asserts that the trial judge abused his discretion in granting appellee's motion to dismiss her complaint on the ground of *forum non conveniens* and denying her motion for reconsideration. We are satisfied that if appellant has another jurisdiction in which to press her complaint, the balance of relevant factors clearly favors dismissal; therefore, we perceive no abuse of discretion by the trial court so long as that condition is satisfied. It is not clear, however, whether there is an alternative forum in which appellant may maintain her action. Therefore, we conclude that only a conditional dismissal is appropriate here. We vacate the order of dismissal and remand for further proceedings.

Appellant, Marguerite C. Mills, resided in Fredericksburg, Virginia, and owned a retail shoe store there. Mills entered into a

commercial multiperil insurance contract in Virginia, written through an insurance agency located in Fredericksburg. The insurance policy was issued on December 15, 1977, for a term of 3 years, by appellee, Aetna Fire Underwriters Insurance Company (Aetna), a Connecticut corporation licensed to do business in Virginia and the District of Columbia.

On September 26, 1978, a fire broke out in a building adjoining Mills' store. Her store sustained fire and smoke damage. Mills submitted a claim in Virginia to Aetna for recovery of her loss. A dispute arose between the parties, however, about the monetary value of the loss.

Mills commenced this civil action on September 3, 1981, by filing a complaint against Aetna alleging breach of contract for failure to compensate her adequately for the damages to her store. Aetna moved to dismiss on the grounds of lack of personal jurisdiction and *forum non conveniens*. Judge Mencher conducted a hearing on the motion. He refused to dismiss the action for lack of personal jurisdiction. As to *forum non conveniens*, Judge Mencher described this as "a classic case and it doesn't belong in this court...." He

stated to Aetna's counsel that "I'd be glad to defer ruling on that to find out from your office whether or not you will waive any [s]tatute of [l]imitations problems," that might arise should Mills commence an action in Virginia. Aetna's counsel replied that "Aetna has no argument about defending this case[;] it's just legal costs to bring the whole case in the District of Columbia...." She said that she would recommend Aetna waive the time bar and concluded: "I know what their position is, they have no reason to cut off this woman's claim." Judge Mencher then ruled that the motion for dismissal on the basis of *forum non conveniens* "is held in abeyance pending further notification of counsel."

More than 7 months later, Aetna again moved to dismiss for *forum non conveniens*. The motion made no mention of the "further notification" requested by Judge Mencher. After Mills submitted an opposition, Judge Murphy granted the motion.[1] Mills' subsequent motion for reconsideration and for vacation of the order of dismissal was denied without a hearing by Judge Murphy.[2] This appeal followed.[3]

1. Two days after entry of the dismissal order, apparently without knowledge of that ruling, Aetna filed a response to Mills' opposition to the motion to dismiss. The response stated that the renewed motion "serves as the required 'further notification.'" At oral argument before this court, counsel for Aetna insisted that the statement was not intended to mean that Aetna had agreed to waive any statute of limitations defense in Virginia.

2. We treat Mills' motion for reconsideration/motion to vacate, notwithstanding its caption, *Wallace v. Warehouse Employees Union,* 482 A.2d 801, 804 (D.C.1984), as a Super.Ct. Civ.R. 59(e) motion. The motion was served within the 10-day period of time prescribed by Rule 59(e), as computed pursuant to Super.Ct. Civ.R. 6(a). Moreover, by means of her motion Mills was seeking relief from the dismissal order on the basis of error of law, rendering the motion one properly considered under Rule 59(e), *Wallace,* 482 A.2d at 804, insofar as she asserted that Judge Mencher's order, holding in abeyance Aetna's motion to dismiss for *forum non conveniens* pending notification to the court by Aetna, constituted, in effect, the law of the

case which precluded Judge Murphy from ordering the dismissal, *see infra* note 3.

3. Because we treat Mills' motion for reconsideration as one timely filed under Rule 59(e), *supra* note 2, the motion had the effect of terminating the running of the 30-day period of time for noting an appeal of the dismissal order. *Wallace, supra,* note 2, 482 A.2d at 803 n. 5; D.C. App.R. 4(a). Thus the appeal was timely despite being filed almost 4 months after entry of the dismissal order, and our scope of review on this appeal embraces both the granting of Aetna's motion to dismiss for *forum non conveniens* as well as the denial of Mills' Rule 59(e) motion.

Mills contended in her Rule 59(e) motion, *see supra* note 2, and argues on appeal that the doctrine of "law of the case," *e.g. Ehrenhaft v. Malcolm Price, Inc.,* 483 A.2d 1192, 1196–97 (D.C.1984); *Kritsidimas v. Sheskin,* 411 A.2d 370, 371–72 (D.C.1980) (per curiam), precluded Judge Murphy from dismissing her action because Judge Mencher had already declined to dismiss it. We disagree. ["T]he doctrine does not apply where the first ruling has little or no 'finality' to it; such a ruling does not constitute the 'law of the case.'" *Kritsidimas,* 411 A.2d at

## I

We begin with a brief discussion of the doctrine of *forum non conveniens*. The decision whether to entertain an action or to dismiss it on the ground of *forum non conveniens* is entrusted to the sound discretion of the trial court and will be reversed on appeal only upon a clear showing of abuse of discretion. *Forgotson v. Shea*, 491 A.2d 523, 526 (D.C.1985); *DeMontmorin v. DuPont*, 484 A.2d 582, 584 (D.C. 1984) (quoting *Asch v. Taveres*, 467 A.2d 976, 978 (D.C.1983)); *Arthur v. Arthur*, 452 A.2d 160, 161 (D.C.1982), and cases cited therein; *Walsh v. Crescent Hill Co.*, 134 A.2d 653, 654, 656 (D.C.1957); *accord Piper Aircraft v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981).

Trial court discretion is to be guided by enumerated "private interest factors" affecting the convenience of the litigants and "public interest factors" affecting the convenience of the forum. *Piper*, 454 U.S. at 241, 102 S.Ct. at 258 (citing *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)). Factors relevant to the private interests of the litigants include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining attendance of willing witnesses; (4) the possibility of viewing premises, if view would be appropriate to the action; (5) all other practical problems concerning the ease, expedition and expense of the trial; (6) the enforceability of a judgment once obtained; (7) evidence that the plaintiff attempted to vex, harass or oppress the defendant by his choice of forum, and (8) the relative advantages and obstacles to fair trial. *Gilbert*, 330 U.S. at 508, 67 S.Ct. at 843. Factors pertaining to the public interest include: (1) administrative difficulties caused by local court dockets congested with foreign litigation; (2) the local interest in having localized controversies decided at home; (3) the unfairness of imposing the burden of jury duty on the citizens of a forum having no relation to the litigation, and (4) the avoidance of unnecessary problems in conflict of laws and in the interpretation of the laws of another jurisdiction. *Id.*, 330 U.S. at 508–09, 67 S.Ct. at 843. This court has long recognized the applicability of this list of factors. *Carr v. Biomedical Applications of Washington, Inc.*, 366 A.2d 1089, 1092 (D.C.1976).

A defendant who invokes the doctrine of *forum non conveniens* bears the burden of establishing a case for dismissal. *Crown Oil & Wax Co. v. Safeco Insurance Co.*, 429 A.2d 1376, 1380 (D.C.1981). As the Supreme Court explained in *Gilbert*, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." 330 U.S. at 508, 67 S.Ct. at 843; *accord, e.g., Forgotson*, 491 A.2d at 526; *DeMontmorin*, 484 A.2d at 584; *Asch*, 467 A.2d at 978; *Crown*, 429 A.2d at 1380.

Defendants' burden, though onerous, is not insuperable. "[T]he trial court need not always respect a plaintiff's choice of forum." *Consumer Federation of America v. Upjohn Co.*, 346 A.2d 725, 730 (D.C. 1975); *District-Realty Title Insurance Corp. v. Goodrich*, 328 A.2d 93, 95 (D.C. 1974) (citing *Gilbert*, 330 U.S. at 507, 67 S.Ct. at 842); *Walsh*, 134 A.2d at 654.

"[W]e have always considered important in determining the propriety of dismissal on *forum non conveniens* grounds whether the plaintiff is a resident of the District of Columbia." *Washington v. May Department Stores*. 388 A.2d 484, 486 (D.C. 1978). The strong presumption favoring plaintiff's choice of forum is even stronger when he is a District of Columbia resident. *Id.* When the plaintiff is from another jurisdiction, however, it is much less reasonable to assume that his choice of a District of Columbia forum is convenient. *Cf. Piper*, 454 U.S. at 256, 102 S.Ct. at 266

---

372. Judge Mencher's ruling on the *forum non conveniens* question lacked "sufficient finality," *id.*, to constitute the law of the case. He neither granted nor denied Aetna's motion to dismiss for *forum non conveniens;* rather, he stated that the motion was to be "held in abeyance."

(discussing foreign plaintiffs in United States federal courts). Accordingly, such plaintiff's choice deserves less deference. *Id.* This is especially so where the defendant as well does not reside in the District of Columbia. *See Curley v. Curley,* 74 U.S. App.D.C. 163, 165, 120 F.2d 730, 732 (D.C. 1941) (District of Columbia courts are not required to take jurisdiction over matrimonial disputes when neither party is a domiciliary or resident of the District), *cert. denied,* 314 U.S. 614, 62 S.Ct. 114, 86 L.Ed. 494 (1941); *accord Asch,* 467 A.2d at 978; *Haynes v. Carr,* 379 A.2d 1178, 1180 (D.C. 1977) (per curiam); *Clark v. Clark,* 144 A.2d 919, 920 (D.C.1958).

■ Where it is shown that neither party resides in the District and the plaintiff's claim has arisen in another jurisdiction which has more substantial contacts with the cause of action, the burden normally allocated to the defendant to demonstrate why dismissal is warranted for *forum non conveniens* rests instead upon the plaintiff to show why it is not. *Nee v. Dillon,* 99 U.S.App.D.C. 332, 239 F.2d 953 (1956) (District of Columbia courts should inquire why *forum non conveniens* should not be applied in cases, such as *Nee,* where the parties were not residents of the District of Columbia, the real property at issue was not located in the District, District law did not govern, and most witnesses were not District residents). In a similar vein, the District of Columbia Circuit has noted with respect to litigation growing out of an accident occurring in Norway:

At the least, a plaintiff who chooses [a competent but clearly inappropriate forum in which to bring suit] *should be required to show some reasonable justification for his institution of the action in the forum state rather than in a state with which the defendant or the res, act or event in suit is more significantly connected.*

*Pain v. United Technologies Corp.,* 205 U.S.App.D.C. 229, 238, 637 F.2d 775, 784 (1980) (quoting Ginsburg, *The Competent Court in Private International Law: Some Observations on Current View in the United States,* 20 RUTGERS L.REV., 89, 100 (1965)) (emphasis added in *Pain* ), *cert. denied,* 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981).

In similar situations, this court has consistently followed the approach taken by the District of Columbia Circuit, often leading to dismissals of suits based on *forum non conveniens.*[4] Moreover, in actions involving nonresident plaintiffs bringing claims arising outside the District of Columbia, this court has emphasized the decisiveness of the public interest in reducing the volume of cases on our overcrowed court calendars. *Mobley v. Southern Railway Co.,* 418 A.2d 1044, 1049 (D.C.1980); *Haynes,* 379 A.2d at 1180; *Carr,* 366 A.2d at 1092; *District-Realty,* 328 A.2d at 95; *Frost v. Peoples Drug Store, Inc.,* 327 A.2d 810, 814 (D.C.1974).

## II

■ We turn now to the facts of the case before us. This is, as Judge Mencher accurately characterized it, a "classic case" of *forum non conveniens.* There is a striking lack of any significant contacts between the matter in dispute and the forum in which Mills chose to litigate. All the significant contacts in the case are, rather, with Virginia. The insurance contract on which this action is based was issued to Mills, a resident of Virginia, to cover her place of business located in Fred-

---

4. *See, e.g., District-Realty,* 328 A.2d 93 (reversing denial of dismissal of action alleging overcharges on title insurance binders and application fees; plaintiffs residents of and homeowners in Maryland; defendant Maryland corporation with principal place of business in District of Columbia; issues involved Maryland law; judgment of District of Columbia court would not be binding on Maryland courts or on Insurance Commissioner of Maryland); *Pitts v. Woodward & Lothrop,* 327 A.2d 816 (D.C.1974), (affirming dismissal of action seeking damages for false arrest, wrongful detention; plaintiff resident of Maryland; defendant incorporated in District of Columbia; alleged tort occurred in defendant's store in Maryland; Maryland law applied), *cert. denied,* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975).

ericksburg, Virginia. The policy was negotiated and brokered in Virginia through the auspices of an insurance agency there. Even the dispute over the amount to be paid in damages arose in Virginia since Mills' claim was processed through Aetna's offices in Richmond, Virginia. Consequently, since "Virginia clearly has the most significant contacts with the policy," the law of Virginia should govern this action. *Stevens v. American Service Mutual Insurance Co.*, 234 A.2d 305, 309 (D.C. 1967); *see also* RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 193 (1971).

The record does not disclose the location of witnesses or documents that will be needed for trial; it is highly likely, however, that they too are in Virginia. Neither Mills nor Aetna could use the subpoena power of the Superior Court to compel the attendance at trial of witnesses located in Fredericksburg. D.C.Code § 11–942(a) (1981) (25 mile limit); Super.Ct.Civ.R. 45(e)(1) (same). Notably, Mills does not even contend that conducting this litigation in the District of Columbia would be more convenient for her than doing so in Virginia.

The only connection between this litigation and the District of Columbia is the fact that Aetna is licensed to do business here. Nothing in the record, however, suggests that Aetna's presence in the District of Columbia bears any relation to Mills or her claim. Such a remote contact with this forum pales in significance when viewed in the light of the overwhelming abundance of contacts with Virginia. *See Forgotson*, 491 A.2d at 527; *Mobley*, 418 A.2d at 1049.

The record makes plain that the connection between Mills, her claim against Aetna, and the District is so attenuated that her choice of forum deserved little deference from the trial court. What minimal private interest she might have had in maintaining her action here was heavily outweighed by the public interests of this forum. It would be unwise and unfair to the citizens of the District of Columbia to clog the crowded dockets of our courts with this imported litigation, absent good reason for doing so. *Nee*, 99 U.S.App.D.C. at 334, 239 F.2d at 955.

### III

The reason Mills asserts we should permit this litigation to proceed here, despite the greater convenience Virginia offers, is that the Commonwealth's statute of limitations has run on her cause of action.[5]

---

5. Precisely which Virginia statute of limitations would apply in this case is not clear. There are two possibilities. First, every policy of fire insurance issued on property in the State of Virginia is required to contain a standard provision that prohibits the bringing of an action for recovery of a claim "unless commenced within 2 years next after inception of the loss." Va.Code §§ 38.1–363, –366 (1984). The time is counted from the date of the fire. *Ramsey v. Home Ins. Co.*, 203 Va. 502, 125 S.E.2d 201 (1962). Second, an action on a contract which is in writing and signed must be brought within 5 years after the cause of action accrues. Va.Code § 8.01–246(2), *i.e.*, when the breach of contract occurs, *id.* § 8.01–230.

If the 2-year statute of limitations applies, then Mills' action appears to be time barred in Virginia. The fire occurred on September 16, 1978. She did not file her complaint in the Superior Court until September 3, 1981, almost 3 years after "inception of the loss."

Alternatively, if the 5-year statute of limitations applies, Mills' action may not be time barred in Virginia. Mills filed her complaint in Superior Court within the 5-year period prescribed; the statute ran during the pendency of this litigation. Under Virginia's tolling statute,

if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

Va.Code § 8.01–229(E)(1). Thus, the fact that the Superior Court dismissed her claim on the basis of *forum non conveniens* "without determining the merits" may relieve Mills of the operation of the 5-year statute of limitations.

We express no view as to which statute of limitations, if any, might in fact apply to this case. Indeed, the doctrine of *forum non conveniens* is designed in part to help a court avoid having to "untangle problems ... in law foreign to itself." *Gilbert*, 330 U.S. at 509, 67 S.Ct. at 843. This discussion is intended merely to illus-

Therefore, she argues, Virginia is no longer available to her as an alternative forum.

A prerequisite for application of the doctrine of *forum non conveniens* is the availability of an alternative forum in which plaintiff's action may more appropriately be entertained. *Gilbert*, 330 U.S. at 506–07, 67 S.Ct. at 842 (the doctrine "presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them); *Mobley v. Southern Ry. Co.*, 418 A.2d 1044, 1047 (D.C.1980); *Dorati v. Dorati*, 342 A.2d 18, 22 (D.C.1975). Another tribunal cannot be considered available to a plaintiff if his cause of action would be barred there by the statute of limitations. *Park v. Didden*, 225 U.S.App.D.C. 4, 11, n. 17, 695 F.2d 626, 633 n. 17 (1982); *see Carr*, 366 A.2d at 1093; *see generally* 15 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3828, at 179 (1976); 30 AM. JUR. 2d *Courts* § 174, at 513 (1965). The burden lies with the defendant to show that no statute of limitations applicable in the other tribunal renders it ineligible to serve as an alternative forum. *Kontoulas v. A.H. Robins Co.*, 745 F.2d 312, 316 (4th Cir.1984).

If plaintiff's case is time-barred in the proposed alternative forum, then obviously dismissal for *forum non conveniens* might totally foreclose judicial resolution of plaintiff's claim. *Mowrey v. Johnson & Johnson*, 524 F.Supp. 771, 777 (W.D.Pa.1981); *Poe v. Marquette Cement Manufacturing Co.*, 376 F.Supp. 1054, 1060 (D.Md.1974);

*Esso Transport Co. v. Terminales Maracaibo, C.A.*, 352 F.Supp. 1030, 1031 (S.D.N.Y.1972). Such a result would contravene the strong policy favoring the trial of a case on the merits, *e.g., Alexander v. Polinger Co.*, 496 A.2d 267, 269 (D.C.1985); *Starling v. Jephunneh Lawrence & Associates*, 495 A.2d 1157, 1159 (D.C.1985); *Durham v. District of Columbia*, 494 A.2d 1346, 1351 (D.C.1985); *Moradi v. Protas, Kay, Spivok & Protas, Chartered*, 494 A.2d 1329, 1332 (D.C.1985). In the interest of justice, a court must retain such a case, no matter how inappropriate the forum may be, unless the court accepts the defendant's stipulation that he will not raise the defense of statute of limitations in the proposed alternative forum. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 84 comment c (1971).

This policy appears to apply even in cases where, as may be true here, the statute of limitations prevailing in the proposed alternative forum has already run at the time plaintiff initially files his action in the forum of his choice.[6] In such cases, it is irrelevant that the alternative forum was not available when the plaintiff commenced his action; rather, the policy requires that the alternative forum be available at the time of dismissal. *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1245–49 (5th Cir.1983); *Schertenleib v. Traum*, 589 F.2d 1156, 1161, 1164 (2d Cir.1978). A defendant's stipulation to waive any defense of statute of limitations in the alternative fo-

trate the difficulty of determining whether Virginia courts are now available to entertain Mills' action.

**6.** *See In re Dalkon Shield Litigation*, 581 F.Supp. 135, 141 (D.Md.1983) (refusing to dismiss suits which were time-barred when original action was filed; "to the extent an action is barred by the statute of limitations in the proposed alternative forum, then that forum cannot serve as a valid alternative forum for *forum non conveniens* purposes"); *see also Lake v. Richardson-Merrell, Inc.*, 538 F.Supp. 262, 267–70 (N.D. Ohio 1982) (denying dismissal for *forum non conveniens* because no alternative forum available; plaintiffs filed action in federal district court long after expiration of period prescribed by

laws of Quebec, proposed alternative forum); *Grodinsky v. Fairchild Industries, Inc.*, 507 F.Supp. 1245, 1251, 1253 (D.Md.1981) (dismissing action for *forum non conveniens* on condition that defendant waive any defense of statute of limitations or prescription in Quebec, proposed alternative forum, which had prescription law that had run before plaintiffs filed action in Federal district court); *Weed v. Smith*, 15 N.J. Super. 250, 83 A.2d 305 (1951) (denying dismissal for *forum non conveniens* where defendant not only accepted service of process in New Jersey after statute of limitations had run in proposed alternative forum, Connecticut, but did so in order to ensure that plaintiff obtain judicial decision on merits).

rum renders that forum available for the purposes of *forum non conveniens* analysis.[7] *Cf. Veba-Chemie*, 711 F.2d at 1245–49 (availability of alternative forum premised on defendant's submission to jurisdiction there); *Vaz Borralho v. Keydril Co.*, 696 F.2d 379, 392 n. 12 (5th Cir.1983) (same).

We recognize that such solicitude for plaintiff's selection of forum where an appropriate alternative is unavilable may have the unfortunate effect of tempting a calculating plaintiff to wait deliberately for the statute of limitations to run in the appropriate and convenient forum before bringing an action in a forum inconvenient for an adversary, *see Gilbert*, 330 U.S. 507, 67 S.Ct. at 842, or most likely to yield the optimum judgment for the plaintiff, *cf. Gore v. United States Steel Corp.*, 15 N.J. 301, 312–314, 104 A.2d 670, 676–77 (N.J. 1954) (court dismissed case filed in New Jersey by plaintiffs who chose the forum in expectation of a bigger recovery, while Alabama clearly had the most substantial nexus to the controversy), *cert. denied*, 348 U.S. 861, 75 S.Ct. 84, 99 L.Ed. 678 (1954). Such maneuvering would practically nullify the doctrine of *forum non conveniens* because of the ease with which the doctrine could be circumvented. This should not be countenanced.

We subscribe to the view taken by the United States Court of Appeals for the Fifth Circuit:

> Perhaps if the plaintiff's plight is of his own making—for instance, if the alternative forum was no longer available at the time of dismissal as a result of the deliberate choice of an inconvenient forum—the court would be permitted to disregard [the presumption favoring plaintiff's choice of forum] and dismiss....

[F]orum non conveniens is sensitive to plaintiff's motive for choosing his forum, at least in the extreme case where his selection is designed to " 'vex,' 'harass' or 'oppress' the defendant."

*Veba-Chemie*, 711 F.2d at 1248 n. 10 (quoting *Gilbert*, 330 U.S. at 508, 67 S.Ct. at 843); *see also Piper*, 454 U.S. at 249 n. 15, 102 S.Ct. at 262 n. 15 ("*Gilbert* held that dismissal may be warranted where a plaintiff chooses a particular forum, not because it is convenient, but solely in order to harass the defendant or take advantage of favorable law").

The use of conditional dismissal is available to the trial court as a means of checking forum shopping by plaintiffs who, through their own actions or inactions, render an alternative forum unavailable. Dismissal of a case for *forum non conveniens* on the condition that defendant waive any statute of limitations defense in the alternative forum and that the courts of the alternative forum accept such waiver will channel the litigation to the more appropriate forum while helping to ensure that the alternative forum is, indeed, available to the plaintiff. *Cf. Veba-Chemie*, 711 F.2d at 1243 (dismissal conditioned on defendant's submission to jurisdiction of alternative forum). Moreover, the device obviates the need for extensive inquiry into the alternative forum's law regarding limitation of actions since, if the courts in the alternative forum refuse to accept the defendant's waiver of all statute of limitations defenses, the plaintiff is still ensured a forum by the conditional nature of the dismissal.[8] *Gore v. United States Steel Corp.*, 15 N.J. at 313, 104 A.2d at 677 ("if perchance, any prejudicial error should later appear with respect to the effectiveness of the defendant's waiver of limitation, relief in our state will undoubtedly be made available....")

---

7. A defendant may waive the statute of limitations in the alternative forum after it already has run, because it is a personal privilege. 51 Am.Jur.2d. *Limitations of Actions* § 428, at 898 (1970).

8. D.C.Code § 13–425 (1981) expressly provides that a civil action may be dismissed for *forum non conveniens* "on any conditions that may be just." Prior to the enactment of the statute, *Wilburn v. Wilburn*, 192 A.2d 797, 800 (D.C. 1963), and since, *Dorati*, 342 A.2d at 20 n. 3, this court has recognized the value of conditional dismissals in ensuring plaintiffs a hearing on the merits.

(citations omitted). *Cf. Calavo Growers of California v. Belgium,* 632 F.2d 963, 968 (2d Cir.1980) (dismissal conditioned on defendant's submission to jurisdiction of alternative forum), *cert. denied,* 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809 (1981); *accord Veba-Chemie,* 711 F.2d at 1249 n. 12 (quoting *Vaz Borralho,* 696 F.2d at 392 n. 12).[9]

Conditional dismissal is particularly advisable in the case before us. Aetna has not contended, and the present record does not suggest, that Mills deliberately allowed a statutorily prescribed time limit to expire in Virginia before commencing her action in the District of Columbia in order to harass Aetna or to take advantage of favorable law here.[10] An unconditional dismissal would, in effect, set Mills adrift in a sea of doubt as to whether her claim would ever be heard on the merits. It is not clear which Virginia statute of limitations would apply to this case, *see supra* note 5, how it or the tolling statute would be applied by the Virginia courts, *see id.,* or whether the Virginia courts would be willing to accept Aetna's waiver of all statute of limitations defenses and exercise its jurisdiction over this case. We need not resolve these questions, which preferably should be resolved by Virginia courts, if we employ the device of conditional dismissal; in any event, Mills will be ensured a forum. Furthermore, if the conditions are satisfied, that Aetna stipulate to waive any statute of limitations defense in Virginia and that the Virginia courts accept the waiver and exercise jurisdiction over this case, then this action will proceed in what Aetna argued in its motion to dismiss is the proper forum in which to litigate this action: Virginia. At the same time, the citizens of the District of Columbia will be protected from the burdens that unjustifiably would be imposed on them were this imported controversy to proceed to trial here.

In sum, while we cannot say that the trial court abused its discretion by dismissing the action, we are satisfied that application of the doctrine of *forum non conveniens* must not preclude, in effect, any hearing on the merits of Mills' claim. To protect properly Mills' interests in the face of uncertainty about the availability of Virginia as a forum, it is necessary to make the dismissal conditional.

Under the circumstances, the appropriate course is to dismiss the action subject to the following conditions: (1) that Aetna submit to service of process and jurisdiction in the appropriate Virginia court in which Mills shall have brought an action, within 90 days of the order of dismissal, for the same relief demanded in the complaint herein; (2) that Aetna formally waive in such action any statute of limitations defense, including the limitation of actions under fire insurance policies required by Va. Code § 38.1–366; (3) that the Virginia court accept Aetna's waiver and exercise jurisdiction over the case, and (4) should the Virginia court refuse to accept the waiver or for any reason decline jurisdiction, or should Aetna fail to meet properly any of these conditions, the order of dismissal shall be vacated upon Mills' motion and the Superior Court shall proceed with the case. Our statute of limitations would not bar the renewal of the original action here if the order of dismissal is so vacated.

9. In *Cockrell v. Cumberland Corp.,* 458 A.2d 716 (D.C.1983), we affirmed the trial court's conclusion that it lacked personal jurisdiction over the defendant. As an alternative ground for affirmance, we held that the trial court did not abuse its discretion in dismissing on the basis of *forum non conveniens* as well. We could not have imposed conditions on that dismissal, even though we recognized that the claim was probably time-barred in the most logical jurisdiction, because of our holding that the trial court lacked personal jurisdiction. We think the alternative holding of *Cockrell* should be limited to cases in which the trial court cannot order conditional dismissal because the court lacks personal jurisdiction.

10. We are mindful as well of the possibility that a defendant may attempt to use the doctrine of *forum non conveniens* as a subtle form of "reverse forum-shopping." *Pain v. United Technologies Corp.,* 205 U.S.App.D.C. at 238, 247, 637 F.2d at 784, 793. There is no indication of that here.

On remand the trial court should determine whether Aetna will consent to the above conditions. If consent is given, the court shall enter an appropriate order conditionally dismissing the action. Should Aetna decline to consent, or should any condition not be met thereafter, the action may proceed in Superior Court.

*The order of the trial court dismissing the case on the ground of forum non conveniens is vacated and the case is remanded for further proceedings consistent with this opinion.*