**Julio C. GUEVARA, et al., Appellants,**

v.

**Dennis J. REED, et al., Appellees.**

**No. 89–315.**

District of Columbia Court of Appeals.

Argued April 16, 1990.
Decided Nov. 6, 1991.

Joel Atlas Skirble, with whom David Kayson was on the brief, for appellants.

Geoffrey S. Gavett, for appellees.

Before ROGERS, Chief Judge, FARRELL, Associate Judge, and REILLY, Senior Judge.

REILLY, Senior Judge:

Challenged on appeal is an order of the Superior Court dismissing for lack of jurisdiction an action brought by five residents of the District seeking damages for personal injuries incurred on the New Jersey turnpike when their car collided with a vehicle owned by Chancellor Fleet Corporation, a wholly owned subsidiary of Marriott Corporation. Alleging that this accident was caused by the negligence of Dennis Reed, the driver of that vehicle, appellants' complaint named both Reed and Marriott Corporation as defendants.[1]

The record discloses that service of process on Marriott was made by sending the summons and complaint to the corporation's registered agent in this city. Service upon Reed, a resident of Maryland, was never effectuated in the District.

On behalf of both defendants, a motion to dismiss for lack of personal jurisdiction and improper venue was filed, together with a supporting memorandum pointing out that although Marriott did substantial business in the District, it was not domiciled there because its international corporate headquarters was situated in Maryland, and therefore, not covered by D.C.Code § 13–422 (1989 Repl.). The movants also argued that they were not covered by the long-arm statute, *id.*, § 13–423, but should the court disagree, dismissal under another code provision, *id.*, § 13–425 (*forum non conveniens*) should be granted because a more appropriate forum would be New Jersey, where the cause of action arose, or Maryland, where both the corporate and individual defendants were domiciled.

In opposing the motion, appellants declared that the long-arm statute did indeed bring Marriott within the jurisdiction of the trial court. Insofar as pertinent, that sub-

section of the Code, § 13–423(a), reads as follows:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by any act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by any act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered in the District of Columbia. . . .

Drawing the attention of the court to paragraph (4), *supra*, appellants noted that the movants had conceded that Marriott "regularly does or solicits business in the District" and elaborated on this concession by pointing out that Marriott operated hotels, restaurants, and other food services here. Except for an assertion that plaintiffs had been treated for their injuries in the District, the opposition memorandum failed to dispute the movants' point that the "tortious injury" was sustained in New Jersey and accordingly the alleged conduct of defendants outside the District was not the cause of injury in the District. In also opposing the request for dismissal on *forum non conveniens* grounds, appellants argued that outside of their travels on the turnpike, they had no other nexus to New Jersey, and that Marriott, because of the proximity of its headquarters to the District, had a "plethora of resources" to defend litigation in its courts.

After considering these memoranda, the motions court entered an order dismissing the case, with a notation that "the motion of the defendants is granted, since there is

---

1. Although the complaint identifies the driver as an employee of Chancellor, neither in their motion papers nor appellate brief did appellees contend that Reed was not a Marriott employee. Thus, we assume Chancellor had no separate existence at the time of the accident.

no statutory basis for personal jurisdiction over the parties." Plaintiffs appeal from the dismissal order only in its application to Marriott and concede that the court was correct in holding that the individual defendant, Reed, was beyond its jurisdiction.[2]

Assigning as error the court's holding that there was no statutory basis for jurisdiction, appellants argue that under the provisions of another statute, D.C.Code § 13–334(a) (1989 Repl.), the motions court did have jurisdiction over Marriott Corporation. In the current edition of our local code, this provision reads:

### § 13–334. Service on foreign corporations.

(a) In an action against a foreign corporation doing business in the District, process may be served on the agent of the corporation or person conducting its business, or, when he is absent and can not be found, by leaving a copy at the principal place of business in the District, or, where there is no such place of business, by leaving a copy at the place of business or residence of the agent in the District, and that service is effectual to bring the corporation before the court.

(b) When a foreign corporation transacts business in the District without having a place of business or resident agent therein, service upon any officer or agent or employee of the corporation in the District is effectual as to actions growing out of contracts entered into or to be performed, in whole or in part, in the District of Columbia or growing out of any tort committed in the District.

This section of the code was not drawn to the attention of the motions court in any of the briefs or pleadings filed by appellant in opposition to the motion to dismiss. Had it been, the court might well have held that its first subsection provided a statutory basis for exercising jurisdiction over Mar-

riott, the corporate codefendant. Contrary to the defense contention that this code provision is merely a service of process act, superseded when the long-arm statute was enacted,[3] this court has held in a decision binding upon us, *AMAF Int'l Corp. v. Ralston Purina Co.*, 428 A.2d 849 (D.C.1981), that such code provision conferred jurisdiction upon trial courts here over foreign corporations doing substantial business in the District of Columbia, even though the claim arose from a transaction which occurred elsewhere, and hence, outside the scope of the long-arm statute.

Defendants also argue that appellants should not be allowed to prevail on appeal by invoking a statute upon which they never relied or even mentioned in the court below, citing *inter alia, Chong Moe Dan v. Maryland Casualty Co.*, 93 A.2d 286, 288 (D.C.1952), where the losing party in a suit for breach of contract cited a statute giving him the right to recover, our court refused to pass on the statutory claim, as the "statute was not the basis of the suit below nor was it brought to the court's attention." Appellants counter by saying that this rule has no application to the determination of purely jurisdictional issues by an appellate court, citing *Rohler v. TRW, Inc.*, 576 F.2d 1260 (7th Cir.1978).

This particular issue was never discussed in the *Ralston Purina* opinion, *supra*, and seems to be a question of first impression here. Nevertheless, we do not think it necessary to reach it.

Even if we should hold that § 13–334, *supra*, provided a basis for exercising jurisdiction over Marriott, this would not be dispositive of the case, for the codefendant, as appellants concede, could not be tried here. As we have noted in our summary of the record, the motion to dismiss rested on the alternative ground of *forum non conveniens*. Although this issue was briefed

---

**2.** Although appellants do not concede that the motions court construed the long-arm statute correctly, they do not dispute that the supposedly tortious injury was inflicted in another state, and hence, outside the scope of § 13–423(a)(4) on which their original claim of jurisdiction was grounded. *See Akbar v. New York*

*Magazine Co.*, 490 F.Supp. 60, 63 (D.D.C.1980); *Leaks v. Ex–Lax, Inc.*, 424 F.Supp. 413 (D.D.C.1976).

**3.** It was a provision included in the D.C. Court Reorganization Act, Pub.L. No. 91–538, 84 Stat. 549 (1970).

at the trial level, the motions court, because of its disposition of the first issue, did not reach it.

 While it is well-settled in this jurisdiction that questions of *forum non conveniens* are generally committed to the discretion of the trial court, *Jenkins v. Smith*, 535 A.2d 1367, 1369 (D.C.1987) (per curiam); *Carr v. Bio–Medical Applications of Washington, Inc.*, 366 A.2d 1089, 1091–92 (D.C.1976), this court's review of rulings on such questions includes an independent evaluation of the "private" and "public" factors enumerated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Hence, a trial court ruling may be subject to reversal unless guided by these criteria. *District Realty Title Ins. Corp. v. Goodrich*, 328 A.2d 93 (D.C.1974); *Frost v. People's Drug Store, Inc.*, 327 A.2d 810 (D.C.1974).

 One overriding requirement for the application of *forum non conveniens* is the availability of an alternative forum. In affirming the denial of a *forum non conveniens* motion in the case consolidated for argument with *Frost, supra,*[4] we held that although the plaintiffs were not residents of the District and that the alleged tort occurred in Virginia, the motion was properly rejected as one of the defendants was not amenable to process in Virginia, noting that in *Gulf Oil Corp. v. Gilbert, supra,* 330 U.S. at 506–07, 67 S.Ct. at 842, the Supreme Court observed:

> In all cases in which the doctrine of *forum non conveniens* comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them.

Accordingly, we held in *May Dep't Stores, supra,* note 4, that because a necessary defendant was beyond the jurisdiction of the forum that the movant for dismissal had proposed, the Superior Court was the only available forum. *Accord Mobley v. Southern Ry. Co.*, 418 A.2d 1044, 1047 (D.C.1980) (an essential predicate to invoke the doctrine is the availability of another

forum). *Carr v. Bio–Medical Applications, supra,* 366 A.2d at 1093 (*forum non conveniens* not inapplicable because plaintiff resides here).

 In the case before us, appellants' choice of forum, *i.e.*, the Superior Court, must likewise founder because it lacks personal jurisdiction over one of the two defendants, *viz.*, Reed, the driver of the vehicle that collided with the car in which the plaintiffs were riding. Plainly, he was a most essential party, as the complaint designates him as the tortfeasor who caused the accident. Marriott is a party defendant only because of the *respondeat superior* doctrine, for the complaint does not accuse the officers or managers of that corporation of any independent tortious conduct. Thus, if the case were allowed to go to trial in the Superior Court merely because it had jurisdiction over the corporate defendant, it would be most unfair to Marriott, because unless Reed voluntarily appeared to take the stand, the company might well lack any eyewitness to defend it from liability. Moreover, the possibility of recovering damages against Reed would require relitigating the matter in another forum.

Of the two alternative forums mentioned in the motion papers of the defense, New Jersey and Maryland, there is no doubt that Maryland is an available forum, for defendant Reed resides in that state and defendant Marriott has its principal place of business there. These facts were advanced to the motions court by defendants in arguing that Maryland is one forum which would not be inconvenient to any of the parties. They also point out that the Maryland forum is also geographically close to the plaintiffs. We assume by making this representation, both defendants are waiving the Maryland statute of limitations.

Thus, it appears that the motion to dismiss for *forum non conveniens* rests on solid grounds, for the courts of Maryland may exercise personal jurisdiction over both defendants. As the motions court did not pass on this issue, however, we would

4. *May Dep't Stores v. Tirdthamutid,* 327 A.2d 810, 816 (D.C.1974).

ordinarily remand the case to that court for a determination of the question. But as that court has already dismissed the complaint for other reasons, the question arises as to whether we may affirm on grounds other than those the motions court relied upon, including a ground normally calling for judicial discretion. *Jenkins, supra,* 535 A.2d at 1369.

If the motions court in this case was truly vested with discretion on the particular *forum non conveniens* issue, we would feel compelled to remand the matter to it, so that such discretion could be exercised in the first instance. If an appeal were then taken, the only ground for possible reversal would be "abuse of discretion," for we would have to defer to the judgment of the court below if based upon a choice of permissible alternatives. *See Wright v. United States,* 508 A.2d 915, 919–20 (D.C.1986). But in a case where a trial (or motions) court has no area of choice among permissible alternatives because prior appellate holdings had predetermined what its disposition of the issue should be, its judgment cannot turn upon an exercise of discretion.

The case before us falls into this latter category. Our independent review of the *Gilbert* factors, enunciated in at least two of our own decisions, *May Department Stores, supra,* and *Mobley, supra,* convinces us that if the case were remanded, the motions court would have but one option and that is to grant the motion for dismissal on *forum non conveniens.* Hence, a remand to that court is unnecessary and we affirm the order of dismissal.[5]

In recent cases where this court has approved or ordered dismissal on *forum non conveniens* grounds, it has conditioned dismissal on the waiver of the statute of limitations in the alternative forum. *See Kaiser Found. Health Plan v. Rose,*

583 A.2d 156 (D.C.1990); *Mills v. Aetna Fire Underwriters Ins. Co.,* 511 A.2d 8, 13 (D.C.1986). We deem it appropriate to adopt these examples.

Accordingly, we affirm the order of dismissal, but remand the case to the trial court for the entry of an order conditionally dismissing the complaint as directed by this court in *Mills, supra,* 511 A.2d at 15, including a waiver by both defendants in any action the appellants may bring in Maryland of any defense based on the Maryland statute of limitations.

*So ordered.*

SEC v. Chenery, 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943); *Marinopoliski v. Irish,* 445 A.2d 339, 340 (D.C.1982); *Karath v. Generalis,* 277 A.2d 650, 653 (D.C.1971).

---

5. It is fundamental that a decision of a trial court, in contradistinction to that of an administrative agency, may be affirmed even if the stated reason for the decision is questionable if the result reached is correct as a matter of law.