Ashrafunessa BEGUM, Appellant,

v.

Syed AUVONGAZEB, Appellee.

No. 95–CV–854.

District of Columbia Court of Appeals.

Argued May 6, 1997.
Decided June 26, 1997.

Kenneth H. Shepherd, Washington, DC, for appellant.

D. Elizabeth Walker, Rockville, MD, for appellee.

Before FERREN, STEADMAN, and RUIZ, Associate Judges.

FERREN, Associate Judge:

Ashrafunessa Begum appeals from a trial court order dismissing her claim after a default judgment had been entered in her favor. Begum argues that the trial court incorrectly granted Syed Auvongazeb's [1] motion to dismiss for lack of jurisdiction and that the default judgment therefore must be reinstated. We agree with Begum and reverse.

### I.

On October 31, 1994, Begum filed a complaint against Auvongazeb in the Superior Court, alleging that Begum had been injured on Auvongazeb's property in Virginia. Auvongazeb was personally served on December 9, 1994, in the District of Columbia at his place of employment; both Auvongazeb and Begum resided in Virginia at all relevant times. Auvongazeb failed to respond to the complaint, and an entry of default was docketed on January 13, 1995, pursuant to Super. Ct. Civ. R. 55(a). Begum promptly requested an ex parte hearing to prove the amount of damages, and the hearing was scheduled for March 17, 1995. Four days before the ex parte hearing was to occur, Auvongazeb filed an "Emergency Motion to Continue Ex Parte Hearing," which was accompanied the following day by a "Motion to Dismiss for Lack of Jurisdiction and Dismissal for Forum Non Conveniens." The ex parte proof hearing was held as scheduled; only Begum appeared. The court entered a default judgment in Begum's favor in the amount of approximately $68,000.

On March 23, the trial court denied without prejudice Auvongazeb's motion to dismiss because it had not been accompanied by the required copy of the notice of hearing. After another attempt to file the motion was defeated on procedural grounds, Auvongazeb filed on April 13 a motion to dismiss for lack of subject matter and personal jurisdiction; this motion did not contain the forum non conveniens argument of the previously filed motion. The trial court granted this motion, vacated the default judgment on ex parte proof, and dismissed Begum's complaint with prejudice. Begum filed a timely notice of appeal.

### II.

Auvongazeb concedes on appeal that the trial court would have erred if it had dismissed the case for lack of personal or subject matter jurisdiction—the only grounds cited in his motion to dismiss. This concession is appropriate. Auvongazeb was personally served within the District of Columbia, and his presence within the District was sufficient to support the exercise of jurisdiction over him. *Cf. Burnham v. Superior Court,* 495 U.S. 604, 619, 110 S.Ct. 2105, 2115, 109 L.Ed.2d 631 (1990) (plurality opinion) ("The short of the matter is that jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of traditional notions of

---

1. The record contains numerous spellings of appellee's last name. Both appellate briefs spell it "Auvongazeb," so we have adhered to that spelling in this opinion.

fair play and substantial justice." (internal quotation marks omitted)). The Superior Court also clearly had subject matter jurisdiction over the claim, irrespective of whether the underlying event took place in Virginia and both parties resided there: "[T]he Superior Court has jurisdiction of any civil action or other matter (at law or in equity) brought in the District of Columbia" unless jurisdiction is vested exclusively in a federal court. D.C.Code § 11–921 (D.C.1995); *accord Andrade v. Jackson*, 401 A.2d 990, 992 (D.C. 1979) (noting that Superior Court is a court of general jurisdiction).

Auvongazeb argues, nonetheless, that we should affirm the trial court's decision because, despite the jurisdictional bases stated in his motion, the court really dismissed the action on forum non conveniens grounds. Auvongazeb contends in the alternative, moreover, that we can affirm even if the court did not dismiss on forum non conveniens grounds, because the court would have been required as a matter of law to dismiss the case under that doctrine. We cannot agree with either contention. The trial court granted a motion by Auvongazeb that raised only the jurisdictional issues discussed above. We would have to speculate to conclude that the trial court *really* dismissed the case because the District was an inconvenient forum.

■ In any event, Auvongazeb's motion could not have been granted on inconvenient forum grounds.[2] The trial court dismissed Begum's claim "with prejudice" and without requiring Auvongazeb to waive any statute of limitations defense in subsequent proceedings. This would have been a clear abuse of discretion if the case had been dismissed on forum non conveniens grounds, given that the statute of limitations barred Begum from refiling the case in Virginia—indeed, he could not have originally filed the suit in Virginia on the date it was filed here—and the action was timely filed in the District of Columbia. *Cf. Huang v. D'Albora*, 644 A.2d 1, 4 (D.C.

1994) (noting that forum law governs procedural matters, including operation of the statutes of limitations).

■ "An essential predicate to invocation of the doctrine [of forum non conveniens] is the availability of an alternative forum." *Mobley v. Southern Ry. Co.*, 418 A.2d 1044, 1047 (D.C.1980). We have held that the alternative forum—in this case, Virginia—cannot be considered "available" if the action is barred there by the statute of limitations. *See Mills v. Aetna Fire Underwriters Ins. Co.*, 511 A.2d 8, 13 (D.C.1986). In *Mills*, we explicitly rejected the argument that if the claim was time-barred in the alternative jurisdiction when originally filed in the District, forum non conveniens will permit a dismissal without a waiver of statute of limitations by the defendant:

> This policy [of refusing to dismiss without a waiver of statute of limitations] appears to apply even in cases where, as may be true here, the statute of limitations prevailing in the proposed alternative forum has already run at the time plaintiff initially files his [or her] action in the forum of his [or her] choice. In such cases, it is irrelevant that the alternative forum was not available when the plaintiff commenced his [or her] action; rather, the policy requires that the alternative forum be available at the time of dismissal.

*Id.* at 13 (citation and footnote omitted). It follows from *Mills* that the trial court could not have dismissed Begum's case without assuring that Begum had an *available*, alternative forum.

Accordingly, we reverse the trial court's order and remand the case for reinstatement of the judgment previously entered.

*Reversed and remanded.*

---

2. It is also far from clear that the trial court could have considered the merits of the forum non conveniens issue, because Auvongazeb's motion—which of course did not even mention forum non conveniens—went to the merits of the case without providing any cause for the trial court to vacate the default judgment pursuant to Super. Ct. Civ. R. 60(b). The trial court could not properly reach the merits of Auvongazeb's

motion to dismiss until it first determined that Auvongazeb satisfied one of the Rule 60(b) factors that would allow the court to relieve Auvongazeb from the default judgment. *See Clark v. Moler*, 418 A.2d 1039, 1042 (1980) (concluding that relief from default judgments is governed by Rule 60(b)). Auvongazeb made no Rule 60(b) motion seeking relief from the default judgment.