Richard **CHANG**, Appellant,

v.

Yea Tung **HUNG**, Appellee.

### No. 96–CV–166.

District of Columbia Court of Appeals.

Submitted June 2, 1997.

Decided Sept. 4, 1997.

---

James T. Bacon and Warner F. Young, III, Fairfax, VA, filed a brief for appellant.

John P. Cummins, III and Thomas P. Dugan, Fairfax, VA, filed a brief for appellee.

Before SCHWELB and FARRELL, Associate Judges, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge:

Chang appeals from a trial court order dismissing his case based on the doctrine of *forum non conveniens*. Because we conclude the trial court erred by failing to assure that an alternative forum is available, we reverse and remand for further proceedings.

Chang, a resident of Maryland, alleges that Hung, an attorney residing and practicing in Virginia, presented unauthorized documents with forged signatures at a real estate closing for property in Maryland. The closing was held in January of 1990 in Washington, D.C.

Initially, Chang sued Hung in Virginia, but he voluntarily withdrew the case after Hung pled the statute of limitations. Chang then filed suit in Superior Court for fraud, negligence, and breach of contract. Hung moved to dismiss on the grounds of *forum non conveniens*, lack of personal jurisdiction, and expired statute of limitations. The trial court dismissed the complaint for *forum non conveniens*, without resolving the jurisdictional challenge and conditioning the dismissal to assure Chang an alternative forum.[1]

■ To invoke the doctrine of *forum non conveniens* the availability of an alternative forum is an "essential predicate." *Begum v. Auvongazeb*, 695 A.2d 112, 114 (D.C. 1997) (quoting *Mobley v. Southern Ry. Co.*, 418 A.2d 1044, 1047 (D.C.1980)); *see Dorati v. Dorati*, 342 A.2d 18, 22 (D.C.1975). As we have recently held, "the alternative forum—in this case, Virginia—cannot be considered 'available' if the action is barred there by the statute of limitations." *Begum, supra*, 695 A.2d at 114 (citing *Mills v. Aetna Fire Underwriters Ins. Co.*, 511 A.2d 8, 13 (D.C. 1986)); *see Guevara v. Reed*, 598 A.2d 1157, 1160 (D.C.1991); *Carr v. Bio–Medical Applications of Washington, Inc.*, 366 A.2d 1089, 1093 (D.C.1976). Given the trial court's recognition that the Virginia statute of limitations had expired, unconditionally dismissing the suit on the basis of *forum non conveniens* was a "clear abuse of discretion." *Begum, supra*, 695 A.2d at 114; *see Mills, supra*, 511 A.2d at 8.

■ Accordingly, we reverse the trial court's order to dismiss and remand the case for further proceedings. As we recently explained in *Eric T. v. National Medical Enterprises, Inc.*, No. 96–CV–1118, 700 A.2d 749 (D.C.1997), the court must first establish that it has personal jurisdiction over Hung or unconditionally dismiss the complaint. In the event that the court has jurisdiction, it must assure the availability of a forum. If Hung submits to suit in an alternative forum and formally waives any statute of limitations

---

1. The trial court did not squarely address the statute of limitations. On appeal, Hung defends the trial court's dismissal for *forum non conveniens* and asserts, in the alternative, that Virginia's period of limitations should govern even if this cause of action is adjudicated in the District of Columbia. We intimate nothing about this assertion, which we must leave to the trial court in the first instance.

 

defense in that forum, then the trial court may dismiss the complaint subject to the conditions enumerated in *Mills, supra,* 511 A.2d at 15–16. *See* D.C.Code § 13–425 (1995); *Guevara, supra,* 598 A.2d at 1160–61 (citing *Kaiser Found. Health Plan, Inc. v. Rose,* 583 A.2d 156 (D.C.1990) and *Mills, supra,* 511 A.2d at 13). Otherwise, the case may proceed in Superior Court.

*Reversed and remanded.*